**Floyd Shane COOPER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–875.**

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1978.

---

1. As noted previously, in the case at bar, we have assumed without deciding that the defendant was the driver.

William D. Huser, Huser and Huser, Wewoka, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Clifford E. Briery, II, Legal Intern, for appellee.

OPINION

CORNISH, Judge:

Appellant, Floyd Shane Cooper, hereinafter referred to as defendant, and Bobby Sands, hereinafter referred to as co-defendant Sands, were charged with acting in concert to commit the crime of Assault and Battery with a Deadly Weapon, in violation of 21 O.S.Supp.1977, § 652. They were jointly tried before a jury in the District Court, Okfuskee County, Case No. CRF–77–7, convicted, and sentenced to the maximum penalty of twenty (20) years in the State penitentiary. Defendant alone has perfected a timely appeal to this Court.

Deputy Sheriff Elam, while transporting the defendant and co-defendant to jail for Public Drunk, was grabbed from behind and stabbed with a knife. When asked which of the pair attacked him, Deputy Elam responded that although he felt it was the one directly behind him (co-defendant Sands), it could have been either or both. Both defendants testified in their own behalf. Defendant said he had been groggy and did not know what happened, and co-defendant Sands said he just did not remember.

In addition to his regular appeal, the defendant moves in this Court for a new trial based on newly discovered evidence, pursuant to Court Rule 2.12, ¶ B, 22 O.S.Supp. 1977, ch. 18, App. The evidence offered in support of this motion is an affidavit, signed by co-defendant Sands, in which Sands assumes sole responsibility for the crime and exculpates the defendant.

In *Williams v. State,* Okl.Cr., 542 P.2d 554 (1975), we indicated that a new trial should not be predicated on such an affidavit unless the court hearing the motion determines that the averments are probably true. (When a court does so determine, it should then apply the test set

forth in *Taylor v. State,* Okl.Cr., 286 P.2d 730 (1955).)[1] In the instant case, we are not convinced that co-defendant Sands' averments are true. At the trial, he swore that he remembered nothing. In his affidavit, he recants. Either he lied then or he lies now. We are unwilling in this case to engage in a leap of faith as to which "truth" to believe. Because this Court is not persuaded of the veracity of co-defendant Sands' affidavit, defendant's Motion for a New Trial by reason of newly discovered evidence is overruled. For a detailed discussion of this issue, see *Williams,* supra, at 587–589, and cases cited therein.

■ Turning now to the brief in chief, defendant asserts in his first assignment of error that the trial court erred in overruling defendant's motion for severance. The decision to grant or deny such a motion is, of course, discretionary with the trial court and its ruling will not be disturbed on appeal, absent a clear showing of abuse of discretion resulting in prejudice. *Chance v. State,* Okl.Cr., 539 P.2d 412 (1975), et al. To determine whether or not a trial court has abused its discretion, we look to the legal grounds advanced in support of the motion. In the present case, defendant argued in his motion that he would be prejudiced in the eyes of the jury because the State intended to introduce certain evidence against co-defendant Sands in order to implicate the defendant. The evidence in question was blood found on co-defendant Sands' hand and a knife found in his pocket upon his arrest, as well as Deputy Elam's "feeling" that the person directly behind him made the attack. The trial court was not satisfied with this ground; neither are we.

The wording of defendant's proposed legal ground in support of the motion for severance is less than crystal clear. If he means to assert that the physical evidence would have been inadmissible in a separate trial, he would be mistaken, for where two or more defendants are charged with acting in concert, as here, evidence against each is available against the others. See, *Harris v. State,* Okl.Cr., 558 P.2d 1199 (1977). Moreover, Deputy Elam would undoubtedly have given the same testimony, including his express refusal to rule out the defendant as his attacker, at a separate trial. This testimony, plus defendant's own actions, led to his conviction; not the State's use of evidence against co-defendant Sands.

The real gist of defendant's contention, it would seem, is that he was prejudiced because the volume of evidence against co-defendant Sands was greater than against the defendant. This "disparity of evidence" ground is not recognized in this jurisdiction. In fact, it was rejected in *Horton v. State,* Okl.Cr., 561 P.2d 988 (1977). We also find persuasive the position taken by the United States Court of Appeals that disparity of evidence does not justify a severance except in the most extreme cases. See, *United States v. De Larosa,* 450 F.2d 1057 (3rd Cir. 1971). While approving this position, we find the disparity of evidence in the present case is slight at best; certainly insufficient to serve as a legal ground for severance. We hold, therefore, that the trial court did not abuse its discretion by overruling defendant's motion for severance.

■ In his second assignment of error, defendant contends that the trial court erred in overruling his motion for a directed verdict. The controlling rule, stated in *Towry v. State,* Okl.Cr., 540 P.2d 597 (1975), is that the trial court should not direct a verdict where there is competent evidence tending to sustain the allegations of the information. Basically, defendant argues in his brief that since co-defendant Sands "apparently stabbed Elam," defendant would not have been convicted at all except that he and his co-defendant were charged with acting together, and the element of concerted action, defendant urges, was not proved by sufficient evidence.

1. That is, consider whether such evidence is material; whether the accused or his counsel exercised due diligence to discover such evidence before trial; whether such evidence is cumulative; and, where there is a reasonable probability that, if newly discovered evidence had been produced at trial, it would have changed the result.

First, we observe that defendant's argument is based on a faulty assumption. A close reading of the transcript reveals that it was not at all "apparent" that co-defendant Sands did the stabbing. On the contrary, it is evident that several possibilities would occur to the average juror. Co-defendant Sands could have acted alone, but an equally plausible explanation could have been that he acted with defendant's encouragement, or even that defendant did the stabbing while co-defendant held Deputy Elam. The State, because the two defendants were charged with acting together, was uninterested in establishing one or the other as the actual attacker. The issue, then, is whether there was sufficient evidence of concerted action from which the jury could reasonably infer that the two defendants were guilty as charged.

■■■ Defendant relies on *Turner v. State,* Okl.Cr., 477 P.2d 76 (1970), in which we reversed a conviction because there was no evidence that the defendant, though present, had in any way participated in the murder committed by his co-defendant. In the present case, by contrast, the State introduced two pieces of evidence to establish the element of concerted action—first, the mere fact that the defendant muttered indistinguishable words to co-defendant Sands before the attack, and second, the more damaging fact that defendant seized Deputy Elam's rifle afterwards. This evidence is weak, but it is evidence nonetheless of defendant's participation. Accordingly, we are compelled to hold that the evidence presented in this case was sufficient as to all elements, and to state again the time-honored rule that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. *Nichols v. State,* Okl.Cr., 564 P.2d 667 (1977), et al.

■■■ The defendant's third assignment of error is that the prosecutor made improper remarks which caused the jury to impose an excessive sentence. We agree.

During his closing statement, the prosecutor made the following argument:

"Ladies and gentlemen of the Jury, I say in all sincerity, I've never seen anything like this in my life. You are asked to play a guessing game; a little game that we have up here with our judicial process. With our democratic system of justice, you are asked to play a game. One boy doesn't remember what happened; the other boy doesn't remember what happened. We don't know who stabbed who. Maybe Mr. Elam stabbed himself. Erratic answers, erratic questions, erratical behavior; lies, prevarications, exaggerations, alterations of their story consistently and expect you to acquit them or give them a small sentence. An insult to your integrity, to your intelligence, the intelligence of the Court and society in general. We wake up every morning, ladies and gentlemen of the Jury, and we read in the paper, each and every one of you; 'How in the world,' we say, 'did they let that killer go? What is happening to our courts? They're letting everybody go.' They kill, they maim, they commit crimes of violence and we can blame our courts constantly.

"Now tomorrow morning you'll have an opportunity to look at the paper, ladies and gentlemen of the Jury, and if it says, six months, year, anything to that effect, you will alone be able to say, 'Why did they let them go?' You will have been the ones that did it. Once again, as we read, we should show, we must show, ladies and gentlemen of the Jury, this County, this State, the whole world and there are various areas of our State that are watching this particular case; that we will not—

"MR. HUSER: I object to this type of testimony, Your Honor.

"MR. RAHHAL: (continuing) allow this type of crime upon the laws of our County.

"THE COURT: Ladies and gentlemen, don't pay any attention to an argument made unless it's a reasonable conclusion of the evidence. All right."

These tactics—calling defendants liars, playing on societal alarm, invoking the jurors to set an example or instilling in their minds the impression that they are somehow accountable for the rising crime rate— are as reprehensible as they are familiar. Because they thwart the basic principle that the role of the jury is to determine only the guilt or innocence of an accused, they are offensive to a sense of justice and intolerable to this Court. These practices constituted error in *Robertson v. State,* Okl. Cr., 521 P.2d 1401 (1974); in *Herrod v. State,* Okl.Cr., 512 P.2d 1401 (1973); and in *Sizemore v. State,* Okl.Cr., 507 P.2d 1330 (1973). Furthermore, in our opinion such unfair arguments violate the American Bar Association's Standards Relating to the Prosecution Function, adopted in *Ray v. State,* Okl.Cr., 510 P.2d 1395 (1973). Section 5.8, "Argument to the Jury," provides the following guidelines:

> "(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.
>
> "(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.
>
> "(c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.
>
> "(d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict."

Since evidence of defendant's guilt is clear, a reversal cannot be grounded on this error. The jury's imposition of the maximum sentence, however, may well have been prompted by the prosecutor's improper argument. We conclude, therefore, that a modification is warranted, notwithstanding the trial court's admonition to the jury. As we stated succinctly in *Wright v. State,* Okl.Cr., 325 P.2d 1089, 1093 (1958), "the bell could not be unrung."

Accordingly, defendant's sentence is hereby *MODIFIED* to a term of ten (10) years' imprisonment, and as so modified, the judgment is *AFFIRMED.*

BUSSEY, P. J., and BRETT, J., concur.