Sidney Wayne HICKMAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–669.

Court of Criminal Appeals of Oklahoma.

April 2, 1981.

Stephen D. Colbert, Ardmore, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Jackson, Asst. Atty. Gen., Michael Lee Bardrick, Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was charged with the offense of Unlawful Delivery of a Controlled Drug in the District Court of Carter County, Oklahoma, Case No. CRF–78–88. He was tried and found guilty by a jury of the offense of Unlawful Possession of a Controlled Drug with Intent to Distribute.

Punishment was set at ten (10) years' imprisonment and a five thousand dollar ($5,000.00) fine.

Briefly stated, the facts are as follows: On April 28, 1978, an informant working with the police contacted the appellant about a drug purchase. The appellant advised the informant, Mr. Penney, that they could obtain drugs from a co-defendant, Ricky Webb. The pair then proceeded to the Webb residence. Mr. Penney gave the appellant fifty dollars ($50.00) in marked bills. Upon arrival, the appellant entered Webb's home with the money and returned to Mr. Penney's truck with the pills minutes later. When the police approached the truck, the appellant threw the pills on the floorboard. Webb was found in possession of the marked money, and both he and the appellant were placed under arrest.

## I.

It is first argued that the trial court erred in submitting the cause to the jury on a charge of Intent to Distribute because the State had submitted all of its evidence on the charge of Unlawful Delivery. The record reflects that a demurrer was sustained to the Unlawful Delivery charge, finding no delivery as a matter of law, and the State then rested its case.

The appellant argues that his defense would have been different on a charge of Possession with Intent to Distribute, which defense was denied him by the court's ruling. He claims that his defense would have shown that he in no way intended to distribute drugs and that the informant owed him money which he wanted. Further, the appellant contends that the elements of Unlawful Delivery are distinct from the elements of Unlawful Possession with Intent to Distribute: Under the latter charge there must be a finding of specific intent to prove the defendant guilty, whereas Unlawful Delivery requires the proof of a completed action.

We observe that in the body of the Information it is alleged that the appellant delivered and distributed Phenmetrazine.

Additionally, the applicable statute, 63 O.S. Supp.1980, § 2–401, provides:

A. Except as authorized by this act, it shall be unlawful for any person:

1. To manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance;

2. To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance.

\* \* \* \* \* \*

A reading of Section 2–401 makes it clear that Possession with Intent to Distribute and Unlawful Delivery are violations of the same statute. Therefore, we think that the language of the information apprised the appellant with sufficient particularity that he should have been prepared to defend against Intent to Distribute and/or Unlawful Delivery. Further, there was evidence at trial that the appellant intended to deliver the pills to the informant, Mr. Penney, and that the pair intended to share the pills later the same night.

## II.

Relying on *Traeger v. State*, 521 P.2d 399 (Okl.Cr.1974), the appellant next argues that the trial court abused its discretion by not allowing the appellant to reopen his case to present exculpatory evidence from deputy sheriff Melvin Grover.

Both sides had rested when the appellant sought to reopen his case on the second day of trial. The appellant was allowed to make an offer of proof of a statement made by Mr. Grover when the appellant was being transported to jail:

A. "I got in the pickup with Melvin and on the way up he said, Sid, I want you to know that I wasn't in on this. He said it looked like Mr. Penney framed you'all.

The trial court determined that permission to reopen was not warranted by the offer of proof for two reasons: (1) the testimony of Mr. Grover would not be a defense, and (2) the testimony would not show entrapment. Under these circumstances we agree with the trial court and follow the rule that reopening is within the sound discretion of the trial court. Unless an abuse of discretion clearly exists, the issue need not be considered on appeal. *Morgan v. State*, 545 P.2d 1265 (Okl.Cr. 1976). We find no abuse of discretion in this case.

## III.

Presented as the next error is the trial court's overruling of the appellant's motion for a mistrial following an allegedly prejudicial closing argument. Complained of are the following comments by the prosecutor:

"It's an economic crime. Profit. Gain. It hurts every single being in this country. It hurts you, and everyone in this community, because, ladies and gentlemen, they talked about Mr. Penney's four convictions. How do you think you support that habit? Do you want to license them to walk out of here and live off of the fat of your land? . . . "

Citing *Wing v. State*, 579 P.2d 196 (Okl.Cr. 1978), it is argued that these remarks constitute reversible error because there was no evidence that the appellant was a drug dealer.

A careful reading of the record, however, does reflect evidence of a prior sale of pills. In a similar case wherein a prosecutor referred to the appellant during closing argument as a "dealer" or "pusher," this Court held there was no error, noting the remarks were not objected to at trial and, therefore, not properly before the Court on appeal. *Doty v. State*, 547 P.2d 976 (Okl.Cr.1976).

In the case at bar no timely objection was raised by the defense counsel, although at the conclusion of the prosecutor's closing argument the appellant moved for a mistrial based on the lack of evidence supporting the term "dealer." This Court has long recognized the rule that there must be a timely objection to remarks and a request that the court admonish the jury to disregard the remarks in order to preserve the issue for appellate review. *Cantrell v. State*, 561 P.2d 973 (Okl.Cr.1977); *McKee v.*

*State,* 531 P.2d 343 (Okl.Cr.1975). From our perusal of the prosecutor's closing argument we find no error justifying modification or reversal.

### IV.

██ Excessiveness of the punishment is the last error urged on appeal. While the sentence imposed was the maximum provided for by statute, it is not unlawful nor does it shock this Court's conscience under the facts and circumstances presented. *Disheroon v. State,* 514 P.2d 685 (Okl.Cr.1973).

Finding no basis to modify the sentence of ten (10) years' imprisonment and a five thousand dollar ($5,000.00) fine, the judgment and sentence is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.