John Leon DAVIS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–582.

Court of Criminal Appeals of Oklahoma.

June 18, 1982.

Clyde H. Amyx, II, Frederick, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Avant-Pybas, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

John Leon Davis, was convicted in the District Court of Tillman County and sentenced to twenty (20) years' imprisonment for the offense of Making Lewd and Indecent Proposals to a Child Under the Age of Fourteen, After Former Conviction of a Felony.

The victim of this offense was six years-old at the time of the incident and seven years-old at the time of trial. Testimony showed that when she knocked at Davis' door, he answered the door nude and told her to enter. After she replied no, he pulled her into his house and told her to "grab this." The victim immediately ran out of the house and across the street to an older girl in the neighborhood and related what had just happened.

The appellant contends the State failed to properly qualify the young victim as a witness to testify at trial. The evidence code, Laws 1978, c. 285, § 601, now 12 O.S.1981, § 2601, provides that "[e]very person is competent to be a witness except as otherwise provided in this Code."

We hold that the victim was properly allowed to testify under § 2601, having demonstrated to the trial court that she knew what it means to tell the truth and the consequences of telling a lie, and having taken an oath and being in possession of personal knowledge about the offense. *See* Laws 1978, c. 285, §§ 603, 602, now 12 O.S. 1981, §§ 2603, 2602. The "incapable of just impressions" test relied on by the appellant for determination of testimonial capacity of children has been abandoned by the code, with this issue being more appropriately dealt with by the jury in attaching weight and credibility to a child's testimony.

Next the appellant complains of the admission of hearsay testimony given by the neighborhood girl in her recital of what the victim had told her immediately after the incident. Within the statements attributed to the victim was a statement that the appellant had said to her, "grab this." The appellant asserts that these statements do not come within any exceptions to the hearsay rule.

The evidence code excepts to the hearsay rule "a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Laws 1978, c. 283, § 803(2), now 12 O.S. 1981, § 2803(2). For this exception to apply, the statement must have been made by the declarant while under the stress of excitement caused by the startling event or condition within such time that reaction was spontaneous and not the result of reflective thought or fabrication. In this case the victim testified that from the appellant's house she went directly to her older friend who was standing at the end of the street, and told her "right then what had happened." On cross-examination the defense counsel asked, "What you're telling us then, [victim's name omitted], is that after this happened you walked back across the street, is that right?", to which the victim responded by nodding. However, the older girl testified that the victim had come running out of the appellant's house. We find that the declarations made by the victim were sufficiently spontaneous to the startling event to be admitted under the excited utterance exception. Further, the statement attributed to the appellant does not constitute hearsay under Laws 1978, c. 285, § 801(4)(b)(1), now 12 O.S.1981, § 2801(4)(b)(1), which provides that a statement is not hearsay if it is offered against a party and is his own statement.

**452**

The appellant next challenges the trial court's rulings on his demurrer to the information and motion to dismiss. He argued there and on appeal that the statute under which he was charged, 21 O.S.1971, § 1123, was unconstitutionally vague, and that it created an invidious gender-based classification. The appellant, by entering a plea of not guilty, however, waived all defects in the information except those which go to jurisdiction. *Williams v. State*, 579 P.2d 194 (Okl.Cr.1978).

Because 21 O.S.1971, § 1123, has been amended since the time of the offense and trial at bar, we will briefly address this issue for clarification. [In *Mayberry v. State*, 603 P.2d 1150 (Okl.Cr.1979), we upheld the 1971 statute against a vagueness attack making a discussion on that point unnecessary.]

In *Matter of D.H.W.*, 614 P.2d 81 (Okl.Cr. 1980), we held that 21 O.S.1971, § 1123, invidiously discriminated on the basis of sex against males between sixteen-and seventeen-years of age in violation of the equal protection clause of the Fourteenth Amendment.[1] In *Matter of D. H. W.*, however, we concluded that nothing in the opinion precluded the filing of a charge against any male or female over the age of eighteen years under Section 1123.

Therefore, the appellant, fifty-five years old, was properly charged under § 1123 as interpreted, and has failed to establish a denial of equal protection because of sex discrimination between males and females of his age group. *See Matter of D. H. W.*, supra; *Alger v. State*, 603 P.2d 1154 (Okl.Cr.1979).

The appellant further asserts that the trial court erred in refusing to give three of his requested instructions. Upon review of the instructions requested, we find the arguments in this regard to be without merit. The appellant also argues unsuccessfully that the trial court improperly instructed on circumstantial evidence.

The instructions given, however, were an accurate statement of the law and suffer no infirmity.

Finally, the appellant contends that the sentence imposed was excessive and not supported by the evidence. No citations to authority appear in his brief on this issue. We have consistently held that where it is apparent there is no fundamental error, this Court will not consider assertions of error when they are not supported by citations to authority. *Suggs v. State*, 509 P.2d 1374 (Okl.Cr.1973).

The judgment and sentence is therefore AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.

---

1. Thereafter, the legislature amended the statute to eliminate the constitutional defect. *See,*

21 O.S.Supp.1981, § 1123.