**Robert Lindsey WEBB, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–83–222.**

Court of Criminal Appeals of Oklahoma.

July 12, 1984.

E. Alvin Schay, Appellate Public Defender, Robert M. Beck, Sp. Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Susan Brimer Agosta, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Robert Lindsey Webb and wife, Patricia Ann, were jointly charged in the District Court of Woodward County, Case No. CRF–82–39, with five counts of Lewd Mo-

lestation pursuant to 21 O.S.1981, § 1123. The jury found them guilty of three counts and was unable to reach a verdict on two counts of the crime charged. Appellant herein, Robert Webb, was sentenced to five (5) years' imprisonment on each of the three counts with the third term to run concurrently with the second term. From this conviction he has perfected this appeal.

At trial the appellant's oldest child, an eleven year old daughter, testified that her father had sexual contact with her and with her two sisters and two brothers on October 4, 1981, shortly before Mrs. Edna Brown arrived to take temporary charge of the children. Mrs. Brown, the children's foster mother, testified that she noticed the poor health and hygiene of each child when she bathed them upon arrival at her home. She observed scar tissue on the rectum of the two year old baby boy and vaginal irritation on the oldest girl. Mrs. Brown took the children to a hospital on December 1, 1981, for medical examination. The doctor who examined the girls was present at trial and testified that neither of the two older girls had an intact hymen, but she was unable to examine the youngest girl who was very fearful and agitated at the time. Mr. Sturdy, a social worker who was present during the examination of the two boys, testified that he observed an enlarged rectum and scar tissue thereon on the two year old boy but saw nothing unusual about the older boy's condition. Mrs. Brown further testified that several times during the six months she cared for the children she discovered them engaged in various acts of oral and anal sodomy and incest among themselves.

■ The first assignment of error is that the trial court improperly permitted an incompetent witness to testify. During examination outside the jury's presence, the eleven year old witness appeared unsure of how many brothers and sisters she had, did not know what school grade she was in, and, though eleven years old, could barely read. Nevertheless, as the witness indicated that she knew the difference between right and wrong, that she knew what she

was saying, and that she knew she could be punished if she lied, we find that she was properly allowed to testify. *See Davis v. State*, 647 P.2d 450 (Okl.Cr.1982), interpreting 12 O.S.1981, § 2601. The contradictory statements by the witness and her inability to read were properly considered by the trial judge to bear upon her credibility rather than her competence to testify. *See Gray v. State*, 650 P.2d 880 (Okl.Cr.1982).

██ In his second assignment of error the appellant contends that the trial court should have sustained his demurrer to the evidence since the lewd molestation statute requires that the defendant be eighteen years of age or older and at least five years older than the victim; the appellant's age was never shown at trial. The appellant was in full view of the jury during the course of the trial. He acknowledged that the victims were his natural children, and the child witness also acknowledged that the appellant was her father. This circumstantial evidence was sufficient in absence of any proof to the contrary to show that the appellant was at least eighteen years old and five years older than the victims as required by the statute. *See Rich v. State*, 266 P.2d 476 (Okl.Cr.1954).

The third assignment of error is that the trial court improperly admitted irrelevant and prejudicial testimony concerning the sexual conduct of the minor children subsequent to the crime charged. The objected to testimony of Mrs. Edna Brown concerned acts of incest and sodomy by the Webb children while in Mrs. Brown's home after October 4, 1981.

██ "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. 12 O.S.1981, § 2401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise. 12 O.S.1981, § 2403. Normal chil-

dren of ages two through eleven do not on their own initiative engage in the acts that Mrs. Brown observed without having had more than a superficial exposure to such conduct. We find that Mrs. Brown's testimony tended to show that the oldest child's testimony was not fabricated, that the children truly had been molested by their parents. Although the testimony may have been somewhat prejudicial, we do not think the danger of unfair prejudice substantially outweighed the probative value. The trial court did not err in admitting the evidence.

██ The appellant fourthly alleges error in the trial court's refusal to give his requested instructions concerning the need for evidence to corroborate his daughter's testimony. He contends that the girl's testimony was inherently improbable and incredible and thus required corroborating evidence in order to sustain a conviction. Even though the girl may have been confused about the passage of time during the commission of the crimes, her testimony of the specific acts was undeviating. We find that her testimony was not improbable or incredible even though there was some conflict and confusion. *See Harris v. State*, 97 Okl.Cr. 259, 261 P.2d 909 (1953); *see also Eide v. State*, 551 P.2d 275 (Okl.Cr. 1976). In addition, as to each of the three counts for which the defendant was found guilty, there was corroborating medical evidence. It was therefore not error to refuse the requested instruction.

██ The fifth assignment of error is that the trial judge made improper comments on the appellant's guilt during jury deliberation. We find, however, that these comments did not express or imply an opinion of the judge but merely expressed a concern over whether the jury was making any progress toward finding either guilt or innocence and instructed the jury that each count was to be considered separately as to guilt or innocence.

Lastly, the appellant asserts that even if no single error was sufficient to require a reversal then the aggregation of such errors justifies a reversal or modification of

the sentence. We find there were no such errors to aggregate and thus this assignment of error is without merit.

Accordingly, the judgments and sentences appealed from are AFFIRMED.

BUSSEY, P.J., and PARKS, J., concur.