Terry D. BLANKENSHIP, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–729.

Court of Criminal Appeals of Oklahoma.

May 27, 1986.

Patti Palmer, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Terry Dewayne Blankenship, was tried by jury for the crime of Murder in the First Degree in the District Court of Nowata County, Case No. CRF–83–8. The jury returned a verdict of guilty for the lesser included offense of Manslaughter in the First Degree, and assessed his punishment at thirty (30) years imprisonment in the State Penitentiary. We affirm.

The appellant and two other individuals were drinking beer at the "Pony Boy" tavern in Nowata, on January 29, 1983. An argument ensued between the decedent, Anthony Quent Hindman, and the appellant over the use of a pool table. The two men decided to settle the matter by a fist fight out in the parking lot of the tavern. The two men fought for five minutes. At the conclusion of the fight, the decedent was sitting astride the appellant while punching the appellant about the face. The appellant said he had had enough and a companion of the appellant pulled the decedent off of the appellant. The decedent returned to the tavern and the appellant and his companion remained outside.

Following the fracas the appellant slashed the front, right tire on a car, driven by a companion of the decedent. Shortly thereafter, the appellant and his companion returned to the tavern and sat with a third individual. The owner of the tavern asked the men to leave. They amicably left the tavern and prepared to leave in a pick-up truck. At this point, the decedent and his companion learned of the slashed car tire and returned outside to investigate. The driver of the pick-up truck inveigled the

decedent into an altercation. The decedent approached the pick-up truck and began punching the driver through the open window. The appellant, who was sitting next to the passenger door of the pick-up truck, exited the vehicle and ran to the rear of the truck. When the appellant reached the driver's side of the truck, the decedent left the driver and approached the appellant. An altercation began between the two men.

None of the witnesses at trial saw a knife in the appellant's hand. In fact, none of the witnesses testified that they actually saw any of the altercation between the appellant and the decedent. Apparently, the pick-up truck blocked the view of several of the witnesses. However, most of the witnesses testified thay they saw the decedent running towards the tavern, at the conclusion of the fray, clutching his left side.

The decedent, who was bleeding profusely, was placed on the floor of the tavern. Several of the witnesses testified that the decedent named the appellant as his assailant. The decedent was rushed to the hospital, and died later that evening.

The appellant and his companions left the premise in the pick-up truck. They drove a few miles up the road where the appellant threw his pocket knife out the passenger window. The police were later told the whereabouts of the knife by one of the appellant's companions, and it was retrieved soon thereafter.

Medical testimony adduced at trial showed that the decedent had been stabbed twice each in his chest and back. The chest wounds were larger than the posterior wounds. The cardiac surgeon and the medical examiner both testified that two of the wounds had penetrated the heart muscle. The medical examiner testified that the four wounds could have been caused by

the knife found by police. He further testified that the appellant's knife could have been the weapon which inflicted the deadly wounds. The medical examiner also testified that any one of the four wounds could have caused death.

### I.

In his first assignment of error, the appellant contends the trial court committed fundamental error by failing to instruct the jury on the defense of another. We disagree. We first note there was no objection to the instructions given, nor did the appellant submit a requested instruction on defense of another. We have repeatedly held that

> where counsel failed to submit an instruction or by some manner emphasize his idea of defense, the conviction may not be reversed unless the appellate court is of the opinion, in light of the entire record and instructions of the court actually given, that the record imperatively required the instructions complained of and that such failure deprived defendant of a substantial right.

*Crabtree v. State,* 339 P.2d 1066, 1074 (Okl. Cr.1958). *See also Rouse v. State,* 594 P.2d 787, 792 (Okl.Cr.1979). The trial judge did instruct on self-defense, as that defense was warranted by the evidence. Appellant was not entitled to an instruction on defense of another, as his companion was not within the catagory of persons one is entitled to protect by deadly force. *See* 210.S. 1981, § 733.[1] Nor was the appellant entitled to an instruction on prevention of a public offense, *see* 22 O.S. 1981, §§ 31–33,[2] as the decedent's attack upon the driver of the truck had ended prior to the fight with the appellant. After a review of the record, we do not believe the appellant was

---

**1.** Under this statute, homicide is justified when committed in the lawful defense of the perpetrator's husband, wife, parent, child, master, mistress, or servant; and the defense limited to a person within that classification who may be attacked. *See Whitechurch v. State,* 657 P.2d 654 (Okl.Cr.1983).

**2.** One may be entitled to rely upon this statute, in lieu of 21 O.S.1981, § 733 if the killing was accomplished "in [the] aid or defense of the person about to be injured," 22 O.S.1981 § 33, and if the "resistence [is] sufficient to prevent the offense,". *Id. Also See Whitechurch v. State,* at note 1 *supra.*

deprived of a substantial right. Therefore, this assignment of error is without merit.

## II.

■ In his second assignment of error, the appellant contends that his sentence was excessive. We disagree. This Court has repeatedly held that the proper test to determine if the punishment is excessive is whether the sentence imposed shocks the conscience of the Court. *Wade v. State*, 556 P.2d 275 (Okl.Cr.1976). We have also previously held that a thirty year sentence for manslaughter in the first degree is not excessive. *Cassady v. State*, 483 P.2d 1169 (Okl.Cr.1971). Based on the facts in the instant case, we do not find that the sentence was so excessive as to shock the conscience of the Court. This assignment of error is without merit.

## III.

■ In a supplemental brief, the appellant contends that he was denied the effective assistance of counsel. In support of this contention, the appellant asserts that his defense counsel failed to develop readily available evidence which would tend to exonerate or exculpate the appellant. We first note the evidence against the appellant was substantial. We further examined this contention on the basis of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and find that the trial counsel's assistance does not appear to be deficient or to have prejudiced the defense. Therefore, this assignment of error is without merit.

Therefore, the judgment and sentence appealed from should be and hereby is AFFIRMED.

BRETT and BUSSEY, JJ., concur.