**Robert Gerald REID, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–819.**

Court of Criminal Appeals of Oklahoma.

March 3, 1987.

Githen K. Rhodes, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. Leblanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Robert Gerald Reid, was convicted in the District Court of Comanche County of the crime of First De-

gree Murder, in Case No. CRF–83–697 and punishment was set at life imprisonment, and he appeals.

Briefly stated the facts are that on October 17, 1983, appellant stabbed his wife in the chest with a knife. Shortly after the stabbing, appellant was transported to the police station for questioning where he was informed of his rights by Detective Connally. Appellant signed a waiver of rights form and admitted that he stabbed his wife. When appellant was preparing to make a written statement, Captain Vickers entered and informed Detective Connally that Mrs. Reid had died. Detective Connally told appellant that his wife had died, whereupon he replied, "Good." Appellant then said that he thought he should get an attorney, and the questioning ceased.

■ For his first assignment of error appellant asserts that the trial court erred in overruling his motion for mistrial because of the misconduct of the prosecutor in repeatedly asking improper questions and attempting to elicit evidentiary harpoons. We first observe that in each instance of alleged misconduct defense counsel interposed an objection which was sustained by the trial court in most instances. However, defense counsel never requested the trial court to admonish the jury to disregard the questions. It is well settled that there must be a timely objection to remarks and a request that the court admonish the jury to disregard the remarks in order to preserve the issue for appellate review. *Hickman v. State*, 626 P.2d 873 (Okl.Cr.1981).

We next observe that none of the alleged improper statements were evidentiary harpoons in that the testimony was given by a layman in each instance, not an experienced police officer. *See Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). Also, in light of the overwhelming evidence of guilt, we are of the opinion that appellant did not suffer any prejudice as a result of the prosecutor's questions and remarks. *Ferguson v. State*, 675 P.2d 1023, 1026 (Okl. Cr.1984). This assignment is groundless.

■ Appellant next alleges that the trial court erred in admitting into evidence certain statements made by appellant to Detective Connally, subsequent to the giving of *Miranda* warnings, in that his waiver of his right to remain silent and right to counsel was not knowingly and intelligently given because he did not know his wife had died at that time he signed the waiver. We disagree. Detective Connally advised appellant of his *Miranda* rights and appellant waived the rights and told the Detective that he stabbed his wife. When Captain Vickers entered the room and told Detective Connally that Mrs. Reid had died, he immediately related the information to appellant. After reviewing the record, we find that appellant knowingly and voluntarily waived his rights, and that the testimony of Detective Connally regarding the appellant's statements was properly admitted into evidence. This assignment of error is meritless.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

Although I agree that the conviction herein should be affirmed, I cannot concur with the majority's determination that the alleged error herein was not properly preserved for appeal. The majority states: "It is well settled that there must be a timely objection to remarks and a request that the court admonish the jury to disregard the remarks in order to preserve the issue for appellate review." *Supra.*

The statute governing this issue is 12 O.S.1981, § 2104(A)(1) of our Evidence Code, which provides:

A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

1. If the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the spe-

cific ground of objection, if the specific ground was not apparent from the context....

Pre-Code decisional law supports the majority's holding, but neither the express language of Section 2104(A)(1), or anything in its Legislative history, support the Court's conclusion that a request for an admonition to the jury is necessary to preserve an error for review on appeal. In my opinion, error is preserved for appeal under Section 2104(A)(1) if a timely and specific objection is interposed by counsel, regardless of whether a request for an admonishment or motion for mistrial is made. I believe this to be the Legislature's clear intent as codified in Section 2104(A)(1).