**Billy William KELSEY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–507.**

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1987.

Mark J. Kadish, Alan J. Baverman, Katz, Cherry & Kadish, Atlanta, Ga., for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Billy William Kelsey, was tried by jury and convicted of First Degree Rape (21 O.S.1981, § 1114(A)(1)), in Kiowa County District Court, Case No. CRF–83–36, before the Honorable Paul C. Braun, District Judge. The jury set punishment at ninety-nine (99) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Appellant was tried for raping his ten-year-old stepdaughter, D.K., on the morning of June 25, 1983. At trial, eleven-year-old D.K. testified that she complied with the appellant's request to go to the basement, take off her clothes and lie on a mattress, because she believed otherwise he would force her to comply. She testified that the appellant took off his clothes, put Pond's Cold Cream on his "private self," laid on top of her, "tried to stick it up in the front, but it hurt. And he made me turn around and he put it all the way in at the back." Dr. Malcolm Bridwell did a rape examination of D.K. on June 25, 1983. Dr. Bridwell testified that D.K. was anxious, and that he found irritation of the vagina, a mucous discharge, and an absent hymen. He prepared slides of the mucous discharge, which revealed the presence of sperm when viewed under a microscope. He found no evidence of rectal penetration. The victim's brother, B.K., testified that he heard the appellant tell D.K. to go to the basement and, when he heard "something bang real loud ... I thought he was hurting her," B.K. called the police.

Officer Russell Tate of the Hobart Police Department testified that he responded to a call by the victim's fourteen-year-old brother, B.K., to investigate a possible criminal complaint. Officer Tate observed a jar of cold cream near the mattress where the rape was said to have occurred, and also saw greasy hand prints on the mattress. Elaine Casida, a DHS Child Welfare Worker accompanied Officer Tate to the Kelsey residence. Ms. Casida observed greasy handprints and a quantity of pubic hair on the mattress.

In his first assignment of error, appellant claims that he was denied effective assistance of counsel at trial. Appellant asserts that his trial counsel's performance was deficient for three reasons: (1) he conceded his client's guilt during his opening statement and closing argument, citing *Wiley v. Sowders*, 647 F.2d 642, 650 (6th Cir.), *cert. denied*, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981), and *Francis v. Spraggins*, 720 F.2d 1190, 1194 (11th Cir. 1983), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1776, 84 L.Ed.2d 835 (1985); (2) he failed to ask the judge to strike Dr. Bridwell's testimony that he believed the stories told by alleged victims of sexual abuse until proven otherwise, or to request that the jury be admonished to disregard the testimony; and (3) he was inadequate in his cross-examination of the victim and Elaine Casida. With regard to the claim that trial counsel conceded appellant's guilt, we find that *Wiley* and *Francis* are clearly distinguishable from the instant case, since they involved affirmative concessions of guilt by defense counsel during closing argument. In this case, the comments made by defense counsel are more properly characterized as pleas for leniency "if" the jury found the appellant guilty beyond a reasonable doubt, rather than as a concession of guilt. Moreover, defense counsel stressed that the State was required to prove the appellant guilty beyond a reasonable doubt, and specifically argued fifteen (15) "areas of reasonable doubt." On the basis of the foregoing, we believe that the instant case is distinguishable from *Collis v. State*, 685 P.2d 975, 976 (Okla.Crim.App.1984), wherein we found that defense counsel improper-

ly conceded his client's guilt in closing argument by stating that the defendant "or whoever committed this ... should be punished to the full extent of the law." Next, with regard to Dr. Bridwell's testimony that children who have not yet reached puberty "usually" do not lie about sexual activities, trial counsel's questioning on cross-examination led Dr. Bridwell to concede the possibility that one child sibling might attempt to protect another child sibling. Having reviewed the claims of deficient performance, including the allegation of inadequate cross-examination of the victim and Ms. Casida, we conclude that the appellant has simply failed to demonstrate a reasonable probability that the actions or inactions of trial counsel prejudiced his defense by undermining confidence in the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). *See Blankenship v. State*, 719 P.2d 829, 832 (Okla.Crim. App.1986). This assignment is without merit.

■ In his second assignment of error, appellant argues that the trial court erred in failing to inquire into the competence of the eleven-year-old victim to testify under 12 O.S.1981, § 2601. The record indicates that the child victim knew what it meant to tell the truth, that she was sworn to testify, and that she had personal knowledge of the offense. Accordingly, we find that she was properly allowed to testify. *See Webb v. State*, 684 P.2d 1208, 1210 (Okla.Crim. App.1984); *Davis v. State*, 647 P.2d 450, 451 (Okla.Crim.App.1982). This assignment of error is without merit.

■ In his third assignment, appellant complains that he was denied a fair trial by improper questioning and argument by the prosecutor. During cross-examination of the appellant, the prosecutor stated: "I submit ... that you raped your daughter." Defense counsel's objection was sustained. No admonishment was requested or given. A majority of this Court has held that in addition to a timely objection, trial counsel must request that the trial court admonish the jury, in order to preserve the record for appellate review. *Reid v. State*, 733 P.2d

1355, 1356 (Okla.Crim.App.1987). This writer wrote a separate opinion in *Reid* disagreeing with the majority's position. *See Reid, supra*, at 1356–57 (Parks, J., Specially Concurring). *See also* 1 L. Whinery, *Guide to the Oklahoma Evidence Code* 20 (1985) (criticizing the continuation of this pre-Code requirement). It appears that my brother Judge Brett now agrees with my position. Therefore, we hereby overrule *Reid* and all other previous cases to the extent that they require a request for an admonishment, in addition to a timely specific objection, in order to preserve the record for appellate review. The remark was clearly improper as an expression of the prosecutor's personal opinion that the appellant was guilty of the crime charged. *See ABA Standards for Criminal Justice, The Prosecution Function*, § 3–5.8(b). The trial court properly sustained defense counsel's timely objection to the improper remark. While we strongly admonish prosecutors to refrain from such improper comments and note that such comments may warrant a reversal or modification in a close case, we cannot say that this one comment was so improper as to have influenced the jury's verdict as to guilt or punishment in light of the evidence. An objection to the prosecutor's statement for the jury to "tell the people of this county what kind of punishment should be assessed ...," was overruled. Appellant urges that this remark constituted an improper appeal to societal alarm in violation of *Cooper v. State*, 584 P.2d 234, 239 (Okl.Cr.1978). This comment does not come close to the egregious level of the societal alarm comments found to require modification in *Cooper*. The other comments complained of were either reasonable comments based on the evidence, or were not met with a contemporaneous specific objection and, having found that none of the comments arose to the level of fundamental error, they are considered waived. *See McLeod v. State*, 725 P.2d 877, 881 (Okla.Crim.App.1986). This assignment of error is without merit.

Appellant claims in his fourth assignment of error that he was denied a fair trial by not being present when the trial

court considered a note from the jury during deliberations concerning sentencing. The record shows that the appellant's attorney was present during the *in camera* discussion and, that although he wished to phrase the answer to one of the questions slightly different, he had no objection to sending the note back to the jury stating that such questions were not within the province of the jury. In this case, the trial judge's written note gave appropriate responses to the questions asked, and we are convinced from the record that no prejudice resulted to the appellant on this ground. *See Givens v. State*, 705 P.2d 1139, 1142 (Okla.Crim.App.1985). This assignment is without merit.

 Appellant next claims that the trial court abused its discretion in failing to invoke the rule of sequestration "even though the rule was not called for until the fourth State witness." Initially, we note that the State called a total of six witnesses in their case in chief, and one witness in rebuttal. Title 12 O.S.1981, § 2615, states in relevant part that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." While we believe that the better practice would have been for the trial court to either invoke the rule of sequestration upon request or grant appropriate exceptions consistent with the exercise of sound discretion, we are hard-pressed to find prejudice where, as here, the request by defense counsel was not timely and no showing of prejudice has been made. We cannot say that appellant has shown an abuse of discretion. *See Villanueva v. State*, 695 P.2d 858, 860 (Okla.Crim.App.1985), *cert. denied*, 474 U.S. 701, 106 S.Ct. 226, 88 L.Ed.2d 226 (1985).

In his final assignment of error, appellant urges that his right to due process of law was violated by having the resolution of guilt or innocence and punishment considered in a single proceeding. Appellant's argument appears to be that bifurcated proceedings should be required in all criminal proceedings, not just "capital" cases or "after former conviction" cases. A majority of this Court has previously rejected similar arguments, refusing to extend the bifurcated trial requirement to non-capital cases, holding that such a change was within the province of the Legislature. *Reed v. State*, 657 P.2d 662, 666 (Okla.Crim.App. 1983). In the absence of relevant authority to the contrary, this writer agrees with the majority's position in *Reed*, that such a claim falls within the sphere of the Legislature. This assignment is without merit.

Accordingly, for all of the foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., specially concurs.

BUSSEY, J., concurs in results.

BRETT, Presiding Judge, specially concurring:

I concur in this decision. Further, I agree that 12 O.S.1981, § 2104, does not require the request for admonishment to the jury, when an objection is entered. I am aware that the rule heretofore stated by this Court has long been a "sore-spot" with the members of the Bar, practicing criminal law. Consequently, I agree that it is time to make the rulings of this Court conform to the provisions of the Statute.