**O.W.M., Jr., An Alleged Delinquent Child, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. J–96–1494.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1997.

As Corrected Oct. 10, 1997.

**258**

William Lafortune, District Attorney, Timothy John Suess, Lynn R. Anderson, Assistant District Attorneys, Tulsa, for the State at trial and on appeal.

David C. Phillips, Sherrin Watkins, Tulsa, for Appellant at trial and on appeal.

## OPINION

LUMPKIN, Judge.

Appellant O.W.M., Jr., a juvenile, was charged in the juvenile division of the District Court of Tulsa County with First Degree Manslaughter in violation of 21 O.S. 1991, § 711, Case No. JVJ–96–663. Appellant was fourteen (14) years old at the time of the offense. In a non-jury trial held before the Honorable Carlos Chappelle, Special Judge, Appellant was found to be a delinquent child. From this judgment, Appellant has perfected this appeal.

Appellant raises the following propositions of error in support of his appeal:

I. The homicide in this case is excusable or justifiable pursuant to 22 O.S. 1991, §§ 31, 32, and 33 and the court erred in not so finding.

II. The homicide in this case is excusable or justifiable pursuant to 21 O.S. 1991, § 643 and the court erred in not so finding.

III. It is an unconstitutional violation of Appellant's right to the equal protection of the law for 21 O.S.1991, § 733 to exclude him from its exculpatory provisions.

After a thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we find Proposition I warrants reversal and remand to the District Court for a new trial.

The 14–year–old Appellant lived with his grandmother in Tulsa. Among the others living in the same house were Appellant's 15–year–old brother Chris Shelby ("Shelby"), 22–year–old Raevina Shelby (Chris' sister) and their 21–year–old cousin Albert Cavanaugh (the victim). A disagreement arose between Shelby and Cavanaugh regarding a $10.00 debt Cavanaugh owed Shelby. The disagreement turned into a physical fight. Raevina broke up the fight at one time. Shelby ran back to his bedroom and retrieved a gun, ostensibly to hide it from the victim. (The victim weighed approx. 300 lbs., compared to Appellant and Shelby who each weighed approx. 120 lbs., and had a reputation in the family for violence). The victim followed Shelby to the bedroom and resumed the fight. Shelby lost possession of the gun. Appellant had followed everyone to the bedroom and yelled at the victim to "get off my brother". The victim was on top of Shelby choking him. Appellant attempted to push the victim off of Shelby but the victim pushed him aside. Appellant found the gun and shot the victim three (3) times, twice in the back and once in the mouth. The victim continued to struggle with Shelby, but shortly thereafter he crawled off. The victim subsequently died of his wounds at a hospital.

Appellant was subsequently charged with first degree manslaughter in the juvenile division of the District Court of Tulsa County. In a non-jury trial, Appellant raised a defense of justifiable homicide in that he was protecting his brother. The trial court found that Shelby did not fall under the statutory list of persons for whom defense of another is permitted, pursuant to 22 O.S.1991, § 733. The court determined that the State had proved beyond a reasonable doubts all elements of first degree manslaughter and therefore Appellant was found to be a delinquent child.

In his first assignment of error, Appellant contends the homicide in this case is excusable or justifiable pursuant to 22 O.S.1991, §§ 31, 32 and 33.[1] Appellant argues "there are places in the land where it is as excusable and justifiable for a man to defend his brother as for the brother to defend himself. Oklahoma is such a place." (Appellant's brief, pg. 4). He asserts this principle is codified in Sections 31, 32 and 33. The State responds that the homicide was not excusable or justifiable pursuant to the above listed statutes because the force used by Appellant was excessive to prevent a public offense. However, each side has mischaracterized the issue. The Oklahoma Legislature has limited the application of justifiable or excusable homicide by statute. See 21 O.S.1991, §§ 731, 733. The facts of this case show that Appellant cannot claim the homicide was either justifiable or excusable under these statutory limitations. The issue presented is whether Appellant can claim the defense of self-defense in the defense of another. We analyze the issue raised within its proper legal format, i.e. self-defense.

Initially, an argument based on Sections 31, 32 and 33 was not raised by Appellant at trial. Therefore, he has waived the argument for all but plain error review.

Appellant was charged with first degree manslaughter under 21 O.S.1991, § 711(2) which provides in pertinent part:

Homicide is manslaughter in the first degree in the following cases:

\*   \*   \*   \*   \*   \*

2. When perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, or by means of a dangerous weapon; unless it is committed under such circumstances as constitute excusable or justifiable homicide.

Justifiable homicide is defined in 21 O.S.1991, § 733 as follows:

Homicide is also justifiable when committed by any person in either of the following cases:

\*   \*   \*   \*   \*   \*

2. When committed in the lawful defense of such person, or of his or her husband, wife, parent, child, master, mistress, or servant, when there is a reasonable ground to apprehend a design to commit a felony, or to do some great personal injury, and imminent danger of such design being accomplished;

It is clear from reading section 733 that a brother is not included among the class of persons in defense of whom a life may be taken. This Court has been unwilling to judicially amend the statute by expanding the class of relations that a person may defend. *Whitechurch v. State,* 657 P.2d 654,

---

1. 22 O.S.1991, § 31 "Who may resist" provides:
    Lawful resistance to the commission of a public offense may be made:
    1. By the party about to be injured.
    2. By other parties.
    Section 32 "Resistance by party to be injured" provides:
    Resistance sufficient to prevent the offense may be made by the party about to be injured:
    1. To prevent an offense against his person or his family, or some member thereof.
    2. To prevent an illegal attempt, by force, to take or injure property in his lawful possession.

Appellant's contention that Section 32 is applicable is clearly erroneous as this section refers to the party about to be injured. The record shows the victim's attention was directed entirely at Shelby. Appellant tried to intervene once but was pushed aside.
Section 33 "Resistance by other person" provides:
    Any other person, in aid or defense of the person about to be injured, may make resistance sufficient to prevent the offense.

656–57 (Okl.Cr.1983); *Cowles v. State,* 636 P.2d 342, 345 (Okl.Cr.1981); *Haines v. State,* 275 P.2d 347, 351–53 (Okl.Cr.1954).

In *Cowles,* 636 P.2d at 344–345, this Court said it is permissible to use force to prevent an attack on a third person citing 21 O.S. 1971, § 643.[2] But if **deadly force** is used and the attacker is killed, then section 643 does not apply and the applicable statute is 21 O.S.1971, § 733. *Id.* (emphasis added). Under section 733, the use of fatal force in defense of a third person is justifiable for only a limited group of persons. *Id.* Therefore, a brother does not fall into that group listed in section 733, and Appellant was not entitled to the defense of justifiable homicide.

Appellant directs our attention to *Whitechurch,* 657 P.2d at 656–657 wherein this Court said that in a first degree manslaughter trial, the trial court did not err in failing to give an instruction under section 733 on the defendant's theory of the case, i.e. that he had a right to defend his sister against a felonious attack, as a sister did not fall within that group of persons in defense of whom a life may be taken. The Court went on to say "[a]lthough not argued by the appellant, this Court must consider whether the trial court should have given an instruction under this State's crime prevention statutes. Title 22 O.S.1981, §§ 31–33, enumerates those persons who may lawfully resist the commission of a public offense." In discussing the common law and the historical use of reasonable force in preventing a crime, the Court commented:

> The use of force has historically been justified when its purpose is the prevention of a criminal act. Such force is prompted by different motives than when the actor is protecting himself or his property, because the threat is not to a personal interest of the actor but rather to society's general interest in preventing criminal acts. This interest would clearly seem a sufficient

justification for force, particularly because the common law justified such force in apprehending the criminal once he had committed the criminal act. Thus the effect of the crime-prevention privilege is to allow a person to use force in preventing a crime, rather than compel him to await the commission of the unlawful act.

*Id.* at 656–657. The Court concluded:

> Title 22 O.S.1981, § 33, adopts an expansive rule justifying reasonable force by any person in aid or defense of a person about to be injured during the commission of an offense. Section 33 justifying reasonable force to prevent a public offense in which personal injury is imminent, complements, and to a certain extent, overlaps the principles of self-defense and defense of others.
>
> Here, there was sufficient evidence from which the jury could have concluded that Whitechurch employed reasonable force in an effort to prevent a felonious assault upon his sister. Therefore, an instruction on the privilege to use reasonable force to prevent the commission of a public offense involving the threat of personal injury should have been given.

*Id.* at 657. The issue was subsequently addressed in *Blankenship v. State,* 719 P.2d 829 (Okl.Cr.1986). In that case, an argument between the decedent and the appellant escalated into a fistfight. While the decedent was sitting astride the appellant punching the appellant about the face, the appellant said he had had enough and a companion of the appellant pulled the decedent off of the appellant. The decedent returned to the tavern and the appellant and his companion remained outside.

Following the fight, the appellant slashed the tires on a car driven by a companion of the decedent. Shortly thereafter, the decedent and his companion learned of the slashed tires. The driver of the vehicle with the slashed tires inveigled the decedent into

**2.** 21 O.S.1991, § 643 "Force against another not unlawful, when—Self-defense—Defense of property" provides:

To use or to attempt to offer to use force or violence upon or toward the person of another is not unlawful in the following cases:

3. When committed either by the party about to be injured, or by any other person in his aid or defense, in preventing or attempting to prevent an offense against his person, or any trespass or other unlawful interference with real or personal property in his lawful possession; provided the force or violence used is not more than sufficient to prevent such offense.

a fight. Appellant was sitting next to the driver in the pickup, exited the vehicle and began fighting the decedent. The decedent was then seen running towards the tavern, at the conclusion of the fray, clutching his left side. Bleeding profusely, he was placed on the floor of the tavern. He named the appellant as his assailant. The decedent was rushed to the hospital, and died later that evening. Appellant was charged with first degree murder but found guilty of first degree manslaughter.

On appeal, the appellant claimed the trial court committed fundamental error by failing to instruct the jury on the defense of another. Reviewing only for fundamental error (plain error) as no such instruction was requested, this Court said:

> Appellant was not entitled to an instruction on defense of another, as his companion was not within the catagory (sic) of persons one is entitled to protect by deadly force. *See* 21 0.S.1981, § 733. Nor was the appellant entitled to an instruction on prevention of a public offense, *see* 22 O.S. 1981, §§ 31–33, as the decedent's attack upon the driver of the truck had ended prior to the fight with the appellant. After a review of the record, we do not believe the appellant was deprived of a substantial right. Therefore, this assignment of error is without merit.

*Id.* at 831–32 (footnote omitted). In footnote 2 the Court stated:

> One may be entitled to rely upon this statute (22 O.S.1981, §§ 31–33), in lieu of 21 O.S.1981, § 733 if the killing was accomplished "in [the] aid or defense of the person about to be injured," 22 O.S.1981 § 33, and "if the resistence (sic) [is] sufficient to prevent the offense,". *Id. Also see Whitechurch v. State,* at note 1 *supra.*

The Oklahoma Uniform Jury Instructions (OUJI–Cr) (2nd ed.) states that under sec-tion 733 the use of deadly force to protect another is justified only to protect those persons listed in the statute. *Committee Comments* to OUJI–Cr 8–2. However, the Committee also notes that an instruction under section 33 is appropriate "where the defendant used reasonable force to prevent a crime in which personal injury was imminent. In contrast to OUJI–Cr 8–2, the use of force is not restricted to the protection of specific persons from death or great bodily harm." *Committee Comments* to OUJI–Cr 8–3.

When these comments are considered, along with the above case law, the proper statutory interpretation and application dictates that when the person sought to be defended does not fall into those specifically listed in section 733, then sections 31 and 33 can be considered. However, the actual application of sections 31 and 33 to a particular case depends on the facts of the case. The use of the force must be "reasonable" to prevent the crime. *See* 22 O.S.1991, §§ 31 and 33. *See also Blankenship,* 719 P.2d at 831, n. 2.

█ In the present case, the altercation between the victim and Shelby started in the kitchen. Shelby then ran to the bedroom to retrieve the gun and the victim followed. The victim got on top of Shelby and began choking him. Appellant picked up the gun and shot the victim once. When the victim did not stop choking Shelby, Appellant shot him twice more. Appellant's shooting of the victim under these circumstances presented a question of fact as to whether the force used was reasonable. This evidence was sufficient to raise the defense of another under section 33. It is clear from the record that the judge did not consider section 33. This omission was error. In fact, the record gives the impression the trial court would have considered the defense if it had been raised at trial pursuant to section 33.[3]

---

3. In its findings of fact and conclusions of law, the trial court states in part:

....

4. The minor child acted in defense of his brother.

5. That 21 O.S. § 733(2) only allows the use of deadly force in the defense of another for a husband/wife/parent/child/master/mistress or servant. (O.R.63).

In addition, Judge Chappelle was extremely thorough and meticulous in addressing the law and facts presented during the course of the proceedings. The parties focused on the provisions of Title 21 without consideration of the statutory provisions relating to the Prevention of Public Offenses in Title 22. We continue to place the heavy responsibility on trial judges to consider and instruct on all applicable law in a given

██ Just as the trial court has the duty in a criminal prosecution to correctly instruct a jury on the salient features of the law raised by the evidence, even without a request by the defendant, *Atterberry v. State*, 731 P.2d 420, 422 (Okl.Cr.1986), the judge has the duty in a non-jury trial (acting as trier of fact) to consider all of the applicable law as it pertains to the State's burden of proof and the defenses raised. The failure in this case to consider all of the applicable law is plain error, as such omission takes from the defendant a right essential to his defense. *Simpson v. State*, 876 P.2d 690, 698–699 (Okl. Cr.1994).

For the foregoing reasons, the Judgment of the trial court is **REVERSED AND RE-MANDED FOR A NEW TRIAL.**

STRUBHAR, V.P.J., and JOHNSON, J., concur.

CHAPEL, P.J., concurs in results.

LANE, J., concurs in part/dissents in part.

CHAPEL, Presiding Judge, concurring in result:

I agree that this case should be reversed. However, I believe the Court's interpretation of 21 O.S.1991, § 733, is far too narrow. According to the majority, a homicide is justifiable if committed in lawful defense of an employer, an employee or even one's "mistress", but not if committed in lawful defense of one's brother or sister. Surely this Court can do better in attempting to give effect to the purpose of legislative enactments.

LANE, Judge, concurs in part/dissents in part:

I agree with the majority in every aspect of the opinion except I would not remand for a new trial. It is my position that the trial court has already decided the issue of whether the defendant was justified in using deadly force in the defense of his brother. In its findings and conclusions, the trial court stated that deadly force was justified in this case

when it found that "Shelby (the brother being attacked by the victim) had the right of self-defense and *could have used deadly force.*" (Emphasis supplied.) I would give deference to the finding of the trial court and even though the finding applied to the situation of Shelby, I fail to see how it would not apply to the appellant. The victim was on top of Shelby and choking him. Appellant tried to stop the fight and get the victim off of his brother but was thrown aside by the much larger victim. It was then that he fired the shots.

case. However, we fully understand the limitations of resources and support staff for judges of the District Courts. For that reason, it is incumbent on counsel for the parties to thoroughly research and present to the trial judge all relevant statutory and case law relating to the issues presented to the trial court.