Donna Aletta COWLES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–654.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1981.

Thomas Dee Frasier, Larry A. Gullekson, Stanley D. Monroe, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., Richard Parrish, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

On January 22, 1978, Richard Land was shot and killed in a motel room in Tulsa, Oklahoma. Donna Aletta Cowles was accused of the killing and charged with Murder in the First Degree, in Tulsa County Case No. CRF–78–183. A jury found her guilty of Murder in the Second Degree. She was sentenced to life imprisonment. The facts of the case will be developed as they are pertinent to the issues raised on appeal.

### I

The first issue raised is the sufficiency of the evidence. The thrust of the appellant's argument, however, is aimed solely at the testimony of Lucinda Williams, the woman who accompanied the appellant

on the night of the killing. The appellant claims that Ms. Williams must be considered her accomplice and that therefore her testimony should have been barred, since it was uncorroborated.

The two women went to a bar on the 22nd day of January. While there, they were approached by Land, who offered them money for sex. They followed him to a motel, he rented a room and they all went in. The women's stories of what happened in the motel room were different, but they agreed that Ms. Williams neither encouraged nor participated in the killing. She was not an accomplice, and therefore the question of whether or not her story was corroborated need not be reached.

## II

■ Next, the appellant complains that a witness improperly injected evidence of an unrelated crime. In testifying about his investigation, a detective said he found a pill bottle with the appellant's name on it in the motel room. He also said the bottle contained "vegetation which we assumed to be marijuana." The State attempts to justify the comment by arguing that the pill bottle places the appellant at the scene of the killing, but that could have been done without mentioning the contents of the bottle. The reference was doubly improper, because the officer said the pill bottle contained marijuana even though he did not know that to be the case. He *assumed* the substance to be marijuana.

The appellant cured the error herself, however. When she took the stand she testified that she and her companion had smoked marijuana the night of the killing, and she acknowledged ownership of the bottle of marijuana. Under the circumstances, she can hardly claim that the officer's testimony affected the jury any more than her own did.

## III

The third and fourth assignments of error are not properly before this Court. Both assignments pertain to questioning of witnesses by the prosecutor, and there was no objection in either instance.

## IV

■ After both sides had rested, the State introduced into evidence the pill bottle of marijuana and a belt. The appellant asserts that the items were not marked or identified properly and that it was improper to admit them, but the appellant identified both of them as hers. The trial court did not abuse her discretion in allowing them into evidence.

## V

■ In the appellant's sixth assignment of error, she maintains that the trial court should have given an instruction on Second Degree Manslaughter because her pistol was fired accidentally during her struggle with Land. This allegation is not supported by the record, for the appellant's testimony at the trial was that the shots were fired intentionally—the first to frighten Land away, and the second because she thought he would take it from her and shoot her with it. There was no evidence to support the giving of an instruction on Second Degree Manslaughter.

## VI

■ Assignment number seven challenges the trial court's instructions on self-defense. The appellant asserts that the instructions were confusing and ambiguous, and that they gave the jury the impression that she was under an obligation to retreat before she could avail herself of the defense. One instruction does say that the appellant should have used reasonable means to avoid danger. It also expressly states, however, that she was not required to retreat, but could stand her ground and repel an attack. There is no merit in the appellant's argument.

## VII

The eighth assignment of error contains two disparate arguments. The first is that the appellant was entitled to an instruction on her right to use force in going to the aid

of a third person. This argument is based on her testimony that Land was striking her companion. The second argument is that the jury should have been instructed that the appellant's companion was an accomplice in the killing and that her testimony had to be corroborated. The accomplice issue has already been discussed. See the first assignment of error.

■ It is permissible to use force to prevent an attack on a third person. Title 21 O.S.1971, § 643. But if deadly force is used and the attacker is killed, then the applicable statute is 21 O.S.1971, § 733. Under Section 733, the use of fatal force in defense of a third person is justifiable for only a limited group of persons. The appellant's companion did not fall within that group, and she was not entitled to the requested instruction.

### VIII

■ In making closing arguments, both sides have the right to discuss the evidence presented and draw reasonable conclusions. *Reeves v. State*, 601 P.2d 113 (Okl.Cr.1979). But the prosecutor may not express his private opinion as to a defendant's guilt, nor may he make comments expressly designed to appeal to the jury's emotions. *Bryant v. State*, 585 P.2d 377 (Okl.Cr.1978). In the present case the prosecutor closed his argument by telling the jury that the appellant was a prostitute with no scruples, who probably went to the motel room to engage in perverted sex. He also insisted that the appellant was lying in her testimony. These arguments are clearly improper. On the other hand, the extent to which they caused the appellant prejudice appears to be minimal. That the appellant had shot Land was not in doubt: she admitted shooting him. The question before the jury was what type of homicide had been committed. The jury was instructed on Murder in the First Degree, Murder in the Second Degree, Manslaughter in the First Degree and Justifiable Homicide. In returning a verdict of Murder in the Second Degree, they must have concluded that the appellant had perpetrat-

ed the killing "by an act imminently dangerous to another person and evincing a depraved mind, regardless of human life, although without any premeditated design...."

The evidence presented at the trial fully supports the jury's verdict. If this Court were to order a new trial, it would would without doubt result in another verdict of guilty. Accordingly, the error does not require reversal. See *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

### IX

■ In her tenth assignment of error, the appellant alleges that the State withheld exculpatory evidence from her before the trial. Specifically, she claims that her companion was secretly given leniency in return for her testimony and that the appellant's purse, which had a bullet hole in it and which was in police possession until the trial, would have supported her story that the pistol was fired accidentally. As we stated above, there was no evidence that the pistol was fired accidentally. The purse does not fall into the category of exculpatory evidence.

Also, there is nothing in the record to support appellant's assertion that her companion was given leniency for her testimony. The appellant concedes as much, but insists that "simple logic" indicates a deal had been made. Simple logic, however, with nothing in the facts or the law to support it, is not an appropriate basis for decision.

### X

The eleventh assignment of error is a cumulative error argument. As has been discussed previously, the prosecutor did not do everything exactly as he should have. But viewing the record as a whole, this Court cannot say that this appellant is entitled to a new trial.

### XI

■ Finally, the appellant argues that it is error to impose a life sentence on her.

Her first argument is based on similarity between Laws 1973, ch. 167, § 4 (the punishment for murder in the second degree under the former statutes),[1] and Laws 1976, First Exec.Session, ch. 1, § 3(B) (now 21 O.S.Supp.1980, § 701.9(B)).[2] In *Wampler v. State*, 553 P.2d 198 (Okl.Cr.1976), and other cases, this Court construed the 1973 statute as providing that the one and only punishment for murder in the second degree was an indeterminate sentence of not less than ten (10) years nor more than life. However, the difference between the 1973 statute and the 1976 statute is exactly the language on which that construction was based. As the statute is now written, the language " . . . not less than ten (10) years nor more than life" describes the range of punishment within which the jury or trial court may set whatever sentence they deem appropriate.

■ The appellant also urges that a life sentence is excessive in view of the facts of her case, and a review of the record supports her argument. Although life imprisonment can be an appropriate sentence for murder in the second degree, 21 O.S.Supp. 1980, § 701.9(B), the record of the present case suggests that the appellant's sentence was due as much to the prosecutor's misconduct as to the facts of her case. For that reason, the sentence will be modified to twenty-five (25) years, and as modified, the judgment is affirmed.

BUSSEY, J., concurs in part and dissents in part.

CORNISH, J., concurs.

BUSSEY, Judge, concurring in part and dissenting in part:

I agree that the judgment and sentence should be AFFIRMED; but I disagree that the record before us necessitates a modification of the punishment.

1. Every person convicted of murder in the second degree shall be punished by imprisonment in the State Penitentiary for not less than ten (10) years nor more than life. The trial court shall set an indeterminate sentence in accordance with this section upon a finding of guilty by the jury of murder in the second degree.

2. A person who is convicted of or pleads guilty or nolo contendere to murder in the second degree shall be punished by imprisonment in a state penal institution for not less than ten (10) years nor more than life.