OSCN Found Document:IN RE ADOPTION OF 2015 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE ADOPTION OF 2015 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS
2015 OK CR 9
Case Number: CCAD-2015-2
Decided: 08/26/2015
IN RE ADOPTION OF 2015 REVISIONS TO OKLAHOMA JURY INSTRUCTIONS
Cite as: 2015 OK CR 9, __ __

 

IN RE: ADOPTION OF THE 2015 REVISIONS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS-CRIMINAL (SECOND EDITION)




ORDER ADOPTING AMENDMENTS TO OKLAHOMA UNIFORM JURY
INSTRUCTIONS-CRIMINAL (SECOND EDITION)


¶1 On August 3, 2015, The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions submitted its report and recommendations to the Court for adoption of amendments to Oklahoma Uniform Jury Instructions-Criminal (Second Edition). The Court has reviewed the report by the committee and recommendations for the adoption of the 2015 proposed revisions to the Uniform Jury Instructions. Pursuant to 12 O.S. 2011, § 577.2, the Court accepts that report and finds the revisions should be ordered adopted.

¶2 IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the report of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Jury Instructions shall be accepted, the revisions shall be available for access via the internet from this Court's web site at www.okcca.net on the date of this order and provided to West Publishing Company for publication. The Administrative Office of the Courts is requested to duplicate and provide copies of the revisions to the judges of the District Courts and the District Courts of the State of Oklahoma are directed to implement the utilization of these revisions effective on the date of this order.

¶3 IT IS FURTHER ORDERED ADJUDGED AND DECREED the amendments to existing OUJI-CR 2d instructions, and the adoption of new instructions, as set out in the following designated instructions and attached to this order, are adopted to wit:



3-23; 3-39; 4-35; 4-35B; 4-36; 4-37; 4-38; 4-38-A; 4-39; 4-40; 4-139; 5-2; 5-98; 5-99; 5-100; 8-2; 8-3; 8-34A; 13-26;



¶4 The Court also accepts and authorizes the updated committee comments and notes on use to be published, together with the above styled revisions and each amended page in the revisions to be noted at the bottom as follows "(2015 Supp.)".

¶5 IT IS THE FURTHER ORDER OF THIS COURT that the members of The Oklahoma Court of Criminal Appeals Committee for Preparation of Uniform Criminal Jury Instructions be commended for their ongoing efforts to provide up-to-date Uniform Jury Instructions to the bench and the bar of the State of Oklahoma.

¶6 IT IS SO ORDERED.

¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 26th day of August, 2015.


/s/CLANCY SMITH, Presiding Judge

/s/GARY L. LUMPKIN, Vice Presiding Judge

/S/ARLENE JOHNSON, Judge

/s/DAVID B. LEWIS, Judge

/s/ROBERT L. HUDSON, Judge 


ATTEST:


/s/Michael S. Richie
(Clerk)



 


 

OUJI-CR 3-23

CONTEMPT (INDIRECT PENAL)

No person may be convicted of contempt of court unless the State has proved the following by clear and convincing evidence beyond a reasonable doubt:



First, the willful;

Second, disobedience/(interference with the carrying out);

Third, of a lawful order/process of a court.



[ By requiring proof by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that each of these elements is highly probable and free from serious doubt.]

______________________________

Statutory Authority: 21 O.S. 1991 2011, §§ 565, 567.

 

 

Notes on Use



A clear and convincing standard for the burden of proof should be used when the purpose of the indirect contempt is coercive or remedial in nature and the defendant is capable of terminating the imprisonment at any time by compliance with, or by a promise to comply with the court order. See Chapter 31 of the Oklahoma Uniform Jury Instructions  Civil. The beyond a reasonable doubt standard should be used when the purpose of the indirect contempt is penal in nature and the defendant cannot shorten the incarceration by compliance or promised compliance with the court order.



Committee Comments



21 O.S. 1991 2011, § 565 categorizes contempts of court as either direct or indirect. Direct contempts involve disruptive conduct in the presence of the court, while indirect contempts involve disobeying or resisting execution of court orders or process outside of the court's presence. Direct contempts may be summarily punished and there is no right to jury trial for a direct contempt. 21 O.S. 1991 2011, § 565.1; Gilbert v. State, 648 P.2d 1226, 1231 (Okl. Cr. 1982), overruling Roselle v. State, 503 P.2d 1293 (Okl. Cr. 1972) Hogg v. State, 2008 OK CR 8, ¶ 6, 181 P.3d 724, 725. "The power of a judge to impose significant punishment for direct contempt immediately and without the full panoply of due process rests upon the absolute necessity of maintaining a structured order in our courts." Id. at ¶ 4, 181 P.3d at 724 (quoting Autry v. State, 2007 OK CR 41, ¶ 10, 172 P.3d 212, 214). 21 O.S. 2011 § 567 provides for a right to jury trial for indirect contempts, but a clear and convincing standard of proof applies, instead of a reasonable doubt standard. Whillock v. Whillock, 550 P.2d 558, 560 (Okl. 1976).

The Oklahoma Supreme Court has held that the purpose of indirect contempt sanctions may serve one of two purposes: (1) remedial, or (2) penal. Henry v. Schmidt, 2004 OK 34, ¶ 13, 91 P.3d 651, 654. If the purpose of the punishment for indirect contempt is to coerce the defendant's behavior, it is remedial and the defendant is capable of terminating the imprisonment at any time by compliance with, or by a promise to comply with the court order. However, if the purpose of the sanction is to punish the defendant and the incarceration is for a definite period of time and cannot be shortened by compliance with a court order, it is penal. Id.

When the purpose of the indirect contempt proceeding is to impose remedial or coercive sanctions the burden of proof is by clear and convincing evidence. If the purpose of the indirect contempt proceeding is to impose penal sanctions the burden of proof is beyond a reasonable doubt. Id. at ¶¶ 20, 21, 91 P.3d at 656. The definition of the clear and convincing standard in the last paragraph of the instruction is taken from Instruction No. 3.2 of the Oklahoma Uniform Jury Instructions -- Civil (2nd ed. 1993). 



OUJI-CR 3-39

WITNESS INTIMIDATION - ELEMENTS

No person may be convicted of witness intimidation unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, willfully;

Second, causing/threatening/procuring/harassing prevented/ (attempted to prevent);

Third, a person who (has been duly summoned/subpoenaed/ (endorsed on a (criminal information)/(juvenile petition))/(has made a report of abuse/neglect required by law)/(is a witness to a reported crime);

Fourth, from testifying/(producing a record/ document/object). ;

OR

First, willfully;

Second, threatened/procured;

Third, physical/mental harm;

Fourth, through force/fear;

Fifth, to a person;

Sixth, [with the intent to prevent the person from appearing in court to testify)/(produce a record/document/object)]

OR

Sixth, [with the intent to make the person alter his that persons testimony]

OR

Sixth, [because of testimony given by the person in any civil or criminal trial or proceeding]

OR

Sixth, [to prevent or because of a report of abuse or neglect].

First, willfully;

Second, (threatened physical harm through force/fear)/(caused/ procured physical harm to be done) to a person;

Third, because of (testimony given by the person in a civil/criminal trial/proceeding)/(a report of abuse/neglect required by law).

OR

First, willfully;

Second, (harassed a person)/(caused a person to be harassed);

Third, because of (testimony given by the person in a civil/criminal trial/proceeding)/(a report of abuse/neglect required by law).

______________________________

Statutory Authority: 21 O.S. 1991 Supp. 2014, § 455.

 

 

Notes on Use



Before giving the third alternative to the Sixth Element, the trial court should determine whether the report was made pursuant to 10 O.S. §§ 7103, 7104, or 43A O.S. § 10-104. The witness intimidation statute, 21 O.S. Supp. 2014, § 455, refers to reports of abuse or neglect pursuant to 10A O.S. Supp. 2014, § 1-2-101 and 43A O.S. 2011, § 10-104. If the witness intimidation was related to a report of abuse or neglect, the trial court should determine whether the report was made pursuant to one of these statutes.



Committee Comments



This instruction is similar to the instruction promulgated by the Oklahoma Court of Criminal Appeals in Pinckley Pinkley v. State, 2002 OK CR 26, Appendix A, 49 P.3d 756, 760-61 759-60. However, it omits the statutory references in the sixth element because they would not be helpful to a jury. Whether a report of abuse or neglect was made pursuant to the particular statutes would not ordinarily be a jury issue, but if it were a jury issue, additional instructions would be necessary. The Court of Criminal Appeals discussed the definition of "testimony" in Pinkley. Id. at ¶¶ 6-8 and n. 7, 49 P.3d at 758-59. For a definition of "procured," see OUJI-CR 4-28. 

 



OUJI-CR 4-35

CHILD ABUSE - ELEMENTS

No person may be convicted of child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for a child's health, safety, or welfare; 

Second, willfully/maliciously;

Third Second, harmed/(threatened harm to)/(failed to protect from harm to/(threatened harm to)) the health, safety, or welfare; 

Fourth Third, of a child under the age of eighteen;

OR

First, a person responsible for a child's health, safety, or welfare; 

Second, willfully/maliciously; 

Third, failed to protect from harm/(threatened harm) to the health, safety, or welfare; 

Fourth, of a child under the age of eighteen.

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(A), 10A O.S. 2011, § 1-1-105(2).

 

Notes on Use



This Instruction should be used if the defendant is charged with child abuse that does not involve injuring, torturing, or maiming a child, which is covered in OUJI-CR 4-35A, infra. OUJI-CR 4-36 should be used if the defendant is charged with enabling abuse of a child. OUJI-CR 4-37 should be used if the defendant is charged with child neglect, OUJI-CR 4-39 should be used if the defendant is charged with child sexual abuse, and OUJI-CR 4-41 should be used if the defendant is charged with child sexual exploitation. Definitions are found in OUJI-CR 4-40D, infra.



Committee Comments



The first element, that the defendant was a person responsible for the childs health, safety, or welfare, is an essential element of the crime of child abuse. Section 843.5(A) previously had a cross reference to the definition of abuse in 10A O.S. 2011, § 1-105(2), which included a limitation that the person committing the abuse was a person responsible for the childs health, safety, or welfare. See Cox v. State, 2006 OK CR 51, ¶ 24, 152 P.3d 244, 253. The cross reference was deleted in 2014. The Committee believes some restriction on the scope of child abuse for failure to protect a child from harm or threatened harm is necessary to avoid imposing criminal liability on a person who has never met the child. The Legislature has declared that "it is the policy of this state to provide for the protection of children who have been abused or neglected ... by the conduct of persons responsible for the health, safety, and welfare of such children." 10A O.S. Supp. 2014, § 1-1-102(A)(3). Accordingly, the Committee has decided that the scope of child abuse for failure to protect a child from harm or threatened harm should be restricted to persons responsible for the child's health or safety, as defined in 10A O.S. Supp. 2014, § 1-1-105(51). These persons include the child's parent or guardian, as well as other persons who are responsible for the child's safety, either in the child's home, a relative's home, a foster care home, child care facility, or a residential institution. 

Section 843.5 was designed to protect a designated group of persons, children under the age of 18. Therefore, the age of the child is an element to be proved by the State. Holder v. State, 1976 OK CR 288, ¶ 18, 556 P.2d 1049, 1053.

The statute requires proof of a mental state of maliciousness or willfulness on the part of the defendant while in the performance of the proscribed conduct. Generally, however, intentional infliction of severe injuries upon a child will be sufficient to establish a prima facie case, reserving the issue of the sufficiency of the proof regarding the defendant's mental state to the jury. Smith v. State, 1979 OK CR 30, ¶ 8, 594 P.2d 784, 786.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 



OUJI-CR 4-35B

CHILD ABUSE - USE OF ORDINARY FORCE 
BY PARENT FOR DISCIPLINE

It is not child abuse for a parent/teacher/person to use reasonable and ordinary force to discipline a child, including, but not limited to, spanking, switching, or paddling, so long as the force is reasonable in manner and moderate in degree.

______________________________

Statutory Authority: 10A O.S. 2011, § 1-1-105(2) 21 O.S. 2011, § 643(4); 21 O.S. Supp. 2014, § 843.5(L); 21 O.S. 2011, § 844.

OUJI-CR 4-36

ENABLING CHILD ABUSE - ELEMENTS

No person may be convicted of enabling child abuse unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

[First, a person willfully/maliciously caused/procured;

Second, a willful/malicious act of harm/(threatened harm);

Third, to the health, safety, or welfare;

Fourth, of a child under the age of eighteen.

Fifth, by a another person who is responsible for the health, safety or welfare of the child.]

OR

[First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously permitted;

Third, a willful/malicious act of harm/(threatened harm); 

Fourth, to the health, safety, or welfare;

Fifth, of a child under the age of eighteen;

Sixth, by a another person who is responsible for the health, safety or welfare of the child.]

OR

First, a person responsible for a child's health, safety, or welfare;

Second, willfully/maliciously caused/procured another;

Third, to willfully/maliciously fail to protect from harm/(threatened harm) to the health, safety, or welfare;

Fourth, of a child under the age of eighteen.

OR

First, a person responsible for a child's health, safety, or welfare; 

Second, willfully/maliciously permitted another; 

Third, to willfully/maliciously; 

Fourth, fail to protect from harm/(threatened harm) to the health, safety, or welfare;

Fifth, of a child under the age of eighteen.

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of abuse.]

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(B), 10A O.S. 2011, § 1-1-105(2).

Notes on Use



The bracketed definition of "permitted" should be given only if applicable. A definition of "procured" is found in OUJI-CR 4-40D, infra.



Committee Comments



What distinguishes the crime of child abuse from the crime of enabling child abuse under 21 O.S. 2011 Supp. 2014, § 843.5(B) is that enabling child abuse involves the "causing, procuring or permitting" of the willful or malicious harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child child abuse, as defined in 10A O.S. 2011, § 1-1-105(2) . A person who caused or procured child abuse would be guilty of child abuse as a principal. See See OUJI-CR 2-5, supra. However, a person who permitted child abuse would not necessarily be guilty of child abuse. In order to be guilty of enabling child abuse by permitting it under 21 O.S. 2011 Supp. 2014, § 843.5(B), a person must 1) authorize or allow for the child's care, and 2) know or reasonably should know that the child is being placed at risk of abuse. Under 21 O.S. 2011 Supp. 2014, § 843.5(B), enabling child abuse is limited to causing, procuring or permitting of a willful or malicious act of child abuse, as defined by paragraph 2 of Section 1-1-105 of Title 10A of the Oklahoma Statutes harm or threatened harm or failure to protect from harm or threatened harm to the health, safety, or welfare of a child, and § 843.5(B) does not include causing, procuring or permitting the willful or malicious injury, torture or maiming of a child.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 

 



OUJI-CR 4-37

NEGLECT OF CHILD - ELEMENTS

No person may be convicted of neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's health, safety, or welfare;

Second, willfully/maliciously;

[Third, failed/omitted to provide;

Fourth, (adequate (nurturance and affection)/food , /clothing /shelter /sanitation/hygiene ) /(appropriate education)/(medical/dental/(behavioral health) care/supervision/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child);

Fifth, for a child under the age of eighteen.]

OR

[Third, failed/omitted to protect;

Fourth, a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Third, abandoned; 

Fourth, a child under the age of eighteen.]

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(C), 10A O.S. 2011 Supp. 2014, § 1-1-105(46 47).

 

Committee Comments



The Committee believes some restriction on the scope of child neglect under 21 O.S. 2011 Supp. 2014, § 843.5(C) and 10A O.S. 2011 Supp. 2014, § 1-1-105(46 47) is necessary because otherwise a person would be in violation of the statute for failing to provide food or shelter to a child that the person had never met. The Legislature has declared that "it is the policy of this state to provide for the protection of children who have been abused or neglected ... by the conduct of persons responsible for the health, safety, and welfare of such children." 10A O.S. 2011 Supp. 2014, § 1-1-102(A)(3). Accordingly, the Committee has decided that the scope of child neglect should be restricted to persons responsible for the child's health or safety, as defined in 10A O.S. 2011 Supp. 2014, § 1-1-105(50 51). These persons include the child's parent or guardian, as well as other persons who are responsible for the child's safety, either in the child's home, a relative's home, a foster care home, child care facility, or a residential institution.

The crime of omission to provide for a child is governed by 21 O.S. 2011, § 852(A). See OUJI-CR 4-40A, infra. Its elements are similar to the elements for child neglect, but in contrast to child neglect, omission to provide for a child is a misdemeanor. Unlike child neglect, omission to provide for a child includes willful omission to furnish monetary child support or the payment of court-ordered day care or medical insurance costs.

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 



OUJI-CR 4-38

ENABLING CHILD NEGLECT - ELEMENTS (CAUSING/PROCURING)

No person may be convicted of enabling the neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously caused/procured;

[Second, a willful/malicious failure/omission by a person responsible for a childs health, safety or welfare; 

Third, to provide (adequate (nurture and affection)/food/clothing/ shelter/sanitation/hygiene ) /(appropriate education)/((medical/dental/ (behavioral health) care)/supervision/ (appropriate caretakers)/(special care made necessary by the physical/mental condition of the child);

Fourth, for a child under the age of eighteen.]

OR

[Second, a willful/malicious failure/omission by a person responsible for a childs health, safety or welfare;

Third, to protect a child under the age of eighteen from exposure to;

Fourth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Second, willful/malicious abandonment by a person responsible for a childs health, safety or welfare;

Third, of a child under the age of eighteen.]

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(D), 10A O.S. 2011 Supp. 2014, § 1-1-105(46 47).

 

Notes on Use



OUJI-CR 4-36 should be used if the defendant is charged with enabling child abuse. Definitions are found in OUJI-CR 4-40D, infra.



Committee Comments



In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 



OUJI-CR 4-38A

ENABLING CHILD NEGLECT - ELEMENTS (PERMITTING)

No person may be convicted of enabling the neglect of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for a childs health, safety or welfare;

[Second, willfully/maliciously permitted;

[Third, a willful/malicious failure/omission by a person responsible for a childs health, safety or welfare;

Fourth, to provide (adequate (nurture and affection)/food/clothing/ shelter/ sanitation/hygiene ) /(appropriate education)/((medical/dental/ (behavioral health) care)/supervision/(appropriate caretakers)/(special care made necessary by the physical/mental condition of the child);

Fifth, for a child under the age of eighteen;]

OR

[Third, a willful/malicious failure/omission by a person responsible for a childs health, safety or welfare;

Fourth, to protect a child under the age of eighteen from exposure to;

Fifth, (the use/possession/sale/manufacture of illegal drugs)/(illegal activities)/(sexual acts or materials that are not age-appropriate).]

OR

[Third, willful/malicious abandonment by a person responsible for a childs health, safety or welfare;

Fourth, of a child under the age of eighteen.]

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of neglect.]

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(D), 10A O.S. 2011 Supp. 2014, § 1-1-105(46 47).

Notes on Use



OUJI-CR 4-36 should be used if the defendant is charged with enabling child abuse. Definitions are found in OUJI-CR 4-40D, infra.



Committee Comments



In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 



OUJI-CR 4-39

SEXUAL ABUSE/EXPLOITATION OF CHILDREN - ELEMENTS

No person may be convicted of the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person responsible for the child's health, safety or welfare;

Second, willfully/maliciously engaged in;

Third Second, [specify particular allegation of sexual abuse or sexual exploitation as defined in 10A O.S. 2011, § 1-1-105(2)(b) or(c)] rape/incest/(making lewd/indecent acts/proposals)/(specify other sexual abuse);

Fourth Third, of/with/to a child under the age of eighteen/twelve.

OR

First, a person willfully/maliciously;

Second, encouraged/allowed/permitted a child under the age of eighteen/twelve to engage in prostitution/(specify other sexual exploitation).

OR

First, a person willfully/maliciously;

Second, encouraged/allowed/permitted/(engaged in) the lewd/obscene/pornographic photographing/filming/depicting of a child under the age of eighteen/twelve by another person.

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(E), (F), (H), and (I), 10A O.S. 2011, § 1-1-105(2)(b) and (c).

Notes on Use



The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged.

OUJI-CR 4-35 should be used if the defendant is charged with child abuse.

 



Committee Comments



The First Element in OUJI-CR 4-39 is included because of the limitation of the definition of sexual abuse in 10A O.S. 2011, § 1-1-105(2)(b) and (c) to "a person responsible for the child's health or, safety, or welfare." See also 10A O.S. 2011, § 1-1-102(A)(2) ("[I]t is the policy of this state to provide for the protection of children who have been abused or neglected and who may be further threatened by the conduct of persons responsible for the care and protection of such children.") (emphasis added).

The Oklahoma Court of Criminal Appeals directed the use of a differently worded instruction for cases under 10 O.S. Supp. 1995, § 7115 in Huskey v. State, 1999 OK CR 3, ¶ 12, 989 P.2d 1, 7. The above instruction places the holding in Huskey in the format of the other instructions on child abuse and neglect. In ¶ 11 ¶¶ 11-13 of the Huskey opinion, the Court applied the definitions of sexual abuse and sexual exploitation set out in 10 O.S. Supp. 1998, § 7102(B)(6) and (7). These definitions include the restriction that the sexual abuse or sexual exploitation must be "by a person responsible for a child's health or safety."

In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

Enhanced punishment for sexual abuse and sexual exploitation of children under the age of twelve was added in 2007.

 

 



OUJI-CR 4-40

ENABLING THE SEXUAL ABUSE/EXPLOITATION
OF CHILDREN - ELEMENTS

No person may be convicted of enabling the sexual abuse/exploitation of a child unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a person willfully/maliciously caused/procured;

Second, a willful/malicious;

Third, [specify particular allegation of sexual abuse or sexual exploitation as defined in 10A O.S. 2011, § 1-1-105(2)(b) or(c)] rape/incest/(making lewd/indecent acts/proposals)/(specify other sexual abuse);

Fourth, of/with/to a child under the age of eighteen by another person ;

Fifth, by a person responsible for the childs health, safety, or welfare.

OR

First, a person willfully/maliciously caused/procured;

Second, another person to willfully/maliciously;

Third, (encourage/allow/permit a child under the age of eighteen to engage in prostitution)/(specify other sexual exploitation).

OR

First, a person willfully/maliciously caused/procured;

Second, another person to willfully/maliciously;

Third, encourage/allow/permit/(engage in) the lewd/obscene/pornographic photographing/filming/depicting of a child under the age of eighteen by another person. 

OR

First, a person responsible for the child's health, safety, or welfare;

Second, willfully/maliciously permitted;

Third, a willful/malicious;

Fourth, [specify particular allegation of sexual abuse or sexual exploitation as defined enumerated in 10A O.S. 2011, § 1-1-105(2)(b) or(c) 21 O.S. Supp. 2014, § 843.5(G) or (H)];

Fifth, of a child under the age of eighteen;

Sixth, by (another person)/(a person responsible for the childs health, safety, or welfare).

["Permitted" means authorized or allowed for the care of the child by an individual when the person authorizing or allowing such care knew or reasonably should have known that the child would be placed at risk of sexual abuse/exploitation.]

______________________________

Statutory Authority: 21 O.S. 2011 Supp. 2014, § 843.5(G) and (J), 10A O.S. 2011, § 1-1-105(2)(b) and (c).

Notes on Use



The trial court should give a separate instruction on the elements of the particular sexual abuse or sexual exploitation that has been alleged. Definitions are found in OUJI-CR 4-40D, infra. The definition of "permitted" should be given if "permit" or "permitted" is used in the Instruction.

 



Committee Comments



In Fairchild v. State, 1999 OK CR 49, ¶ 51, 998 P.2d 611, 622-23, the Oklahoma Court of Criminal Appeals decided that the mens rea for felony murder of a child under 21 O.S. Supp. 1999, § 701.7(C) was a general intent to commit the act which causes the injury, rather than a specific intent, and that the general intent was included within the terms "willfully" or "maliciously."

 



OUJI-CR 4-139

RAPE AND SEX CRIMES -- DEFINITIONS

Child Pornography - Any (visual depiction/(individual image) stored/ contained in any format on any medium including, but not limited to, film/(motion picture)/videotape/photograph/ negative/(undeveloped film)/slide/(photographic product)/(reproduction of a photographic product)/CD-ROM/(magnetic disk/tape memory)/(electronic/ photo-optical format)/play/ performance in which a child under the age of 18 years (is engaged with any person, other than his/her spouse in)/observes any (act of sexual intercourse, which is normal or perverted)/(act of anal sodomy)/(act of sexual activity with an animal)/(act of sadomasochistic abuse, including flagellation/torture/[the condition of being fettered/bound/ (physically restrained) in the context of sexual conduct])/(act of fellatio/cunnilingus)/(act of excretion in the context of sexual conduct)/ [ (lewd exhibition of the uncovered genitals in the context of masturbation/(sexual conduct)])/(lewd exhibition of the (uncovered genitals)/buttocks/(the breast of a female minor) where the lewd exhibition has the purpose of sexual stimulation of the viewer).

Reference: 21 O.S. 2011 & Supp. 2014, § 1024.1. 

Inanimate Object - Not having the qualities associated with active, living organisms.

Genitals or Genitalia - The external sex organs.

Harmful to minors - That quality of any description/exhibition/presentation/ representation, in whatever form, of nudity/(sexual conduct or sexual excitement)/(sadomasochistic abuse) when the material/performance, taken as a whole, has the following characteristics:

(1) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance has a predominant tendency to appeal to a prurient interest in sex to minors, and

(2) the average person eighteen (18) years of age or older applying contemporary community standards would find that the material/performance depicts/describes nudity/(sexual conduct or sexual excitement)/ (sadomasochistic abuse) in a manner that is patently offensive to prevailing standards in the adult community with respect to what is suitable for minors, and

(3) the material/performance lacks serious literary, scientific, medical, artistic, or political value for minors,

OR

Any description/exhibition/presentation/representation, in whatever form, of inappropriate violence.

Reference: 21 O.S. 2011, § 1040.75.

Knowing or Knowingly - Being aware of the existence of facts that cause the act to be criminal in nature. A person need not be aware of the applicable law to do an act "knowingly," but only need to be aware of the applicable facts.

Lascivious - Characterized by or expressing lust or lewdness.

Law Enforcement Activity  A person engages in "Law Enforcement Activity" when acting under the direction of the courts or the direction or supervision of a law enforcement agency while investigating criminal activity.

Reference: 21 O.S. 2011, § 1021.1. 

Lewd - Obscene, lustful, indecent, lascivious, lecherous.

Reference: 21 O.S. 2011, § 1030(6).

Obscene Material - Any representation, performance, depiction or description of sexual conduct in any form or on any medium including (still/undeveloped photographs)/(motion pictures)/(undeveloped film)/videotape/CD-ROM/ (magnetic disk/tape memory)/(optical/magnetic/(solid state) storage)(purely photographic product)/(reproduction of a photographic product in any book/ pamphlet/magazine/publication/(electronic/photo-optical format)):

First, in which there are depictions/descriptions of sexual conduct which are patently offensive as found by the average person applying contemporary community standards;

Second, which, taken as a whole, has as the dominant theme an appeal to prurient interest, as found by the average person applying contemporary community standards; and

Third, which a reasonable person would find that the material/ performance when taken as a whole lacks serious literary, artistic, educational, political, or scientific purposes or value.

Reference: 21 O.S. 2011 & Supp. 2014, § 1024.1.

Performance - Any display, live or recorded, in any form or medium.

Reference: 21 O.S. 2011 & Supp. 2014, § 1024.1.

Private Parts - The genitals or sex organs.

Sexual Conduct -- Acts of sexual intercourse including any intercourse which is normal or perverted, actual or simulated.

OR

Acts of deviate sexual conduct, including oral and anal sodomy.

OR

Acts of masturbation.

OR

Acts of sadomasochistic abuse including but not limited to: (1) flagellation/torture by/upon any person who is nude/[clad in undergarments/ (costume which is of a revealing nature)], or (2) the condition of being fettered/ bound/(physically restrained) on the part of one who is nude/[clad in undergarments/(costume which is of a revealing nature)].

OR

Acts of excretion in a sexual context.

OR

Acts of exhibiting human genitals or pubic areas.

[Sexual conduct includes acts performed alone/(between members of the same/opposite sex)/(between humans and animals) in an act of apparent sexual stimulation/gratification.]

Reference: 21 O.S. 2011 & Supp. 2014, § 1024.1.

 

OUJI-CR 5-2

ARSON IN THE FIRST DEGREE - ELEMENTS

No person may be convicted of arson in the first degree unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, a willful and malicious;

[ Second, (setting fire to)/burning/(destroying in whole or in part by use of any (explosive device)/accelerant/(ignition device)/(heat-producing device/substance) ); 

Third, (a building/structure)/(the contents of a building/structure); 

Fourth, which was inhabited/occupied by one or more persons;

Fifth, caused/aided/counseled/procured by the defendant ].

OR

First, (destroying in whole or part)/(causing to be burned/destroyed)/(aiding/counseling/procuring the burning/destruction of); 

Second, (a building/structure)/(the contents of a building/structure); 

Third, which was inhabited/occupied by one or more persons;

Fourth, ( while manufacturing/(attempting/endeavoring to manufacture) [specify controlled dangerous substance listed in 63 O.S. Supp. 2014, § 2-401]. 

OR

First, a willful and malicious willfully and maliciously;

Second, (causing another person to be burned)/(aiding/counseling/ procuring the burning of another person) (setting fire to)/burning another person.

Third, by (setting fire to the person)/(burning the person by the use of any (explosive device)/accelerant/ (ignition device)/(heat-producing device/substance)).

OR

First, willfully and maliciously; 

Second, causing another person to be burned; 

Third, by the use of any (explosive device)/accelerant/ (ignition device)/(heat-producing device/substance);.

OR

First, willfully and maliciously;

Second, aiding/counseling/ procuring the burning of another person.

OR

First, (causing another person to be burned)/(aiding/counseling/ procuring the burning of another person) ; 

Second, ( while manufacturing/(attempting to manufacture) [specify controlled dangerous substance listed in 63 O.S. Supp. 2014, § 2-401]. 

______________________________

Statutory Authority: 21 O.S. Supp. 2014, § 1401.

 

OUJI-CR 5-98

LARCENY OF (DOMESTIC ANIMALS)/
(AN IMPLEMENT OF HUSBANDRY) - ELEMENTS

No person may be convicted of larceny of (domestic animals)/(an implement of husbandry) unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, taking;

Second, carrying away;

Third, (domestic animals)/(an implement of husbandry);

Fourth, of another;

Fifth, with the intent to steal.

______________________________

Statutory Authority: 21 O.S. 2001 2011, § 1716; 1730.

Notes on Use



For a definition of domestic animals, see OUJI-CR 5-106, infra. The judge should consult 47 O.S. 2011, § 1-125 for a definition of an implement of husbandry that is appropriate for the case.



Committee Comments



See the Committee Comments to OUJI-CR 5-100, infra.

 

 



OUJI-CR 5-99

LARCENY OF DOMESTIC FOWLS - ELEMENTS

No person may be convicted of larceny of domestic fowls unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, taking;

Second, carrying away;

Third, domestic fowls;

Fourth, of another;

Fifth, with the intent to steal.

______________________________

Statutory Authority: 21 O.S. 2001 2011, § 1719; 1730.

 

Committee Comments

See the Committee Comments to OUJI-CR 5-100, infra.

OUJI-CR 5-100

LARCENY OF AUTOMOTIVE DRIVEN VEHICLE - ELEMENTS

No person may be convicted of larceny of an automotive driven vehicle unless the State has proved beyond a reasonable doubt each element of the crime. These elements are:

First, taking;

Second, carrying away of;

Third, (an automobile/aircraft/(automotive driven vehicle) ) /(construction/farm equipment);

Fourth, of another;

Fifth, with the intent to steal.

______________________________

Statutory Authority: 21 O.S. 2001 2011, § 1719; 1730.

 

Committee Comments



Prior versions of OUJI-CR 5-98, 5-99, and 5-100 included "trespassory" as the first element. See Grissom v. State, 2011 OK CR 3, ¶ 49, 253 P.3d 969, 987. The reason for including the element of "trespassory" was that 21 O.S. 2011, § 1716, 1719, and 1720 use the term "steal", and stealing was distinguished from larceny in Sneed v State, 1937 OK CR 52, 65 P.2d 1245, 1247, 61 Okl.Cr. 96, 101. The distinction between stealing and larceny was eliminated by 21 O.S. 2011, § 1730, which provides that they mean the same thing, and therefore, the element of "trespassory" has been deleted from OUJI-CR 5-98, 5-99, and 5-100.

 



OUJI-CR 8-2

DEFENSE OF ANOTHER - JUSTIFIABLE USE OF DEADLY FORCE

A person is was justified in using deadly force in defense of his/her husband/wife/ parent/child/master/mistress/servant another person when the person using force if that person reasonably believed that use of deadly force was necessary to protect his/her husband/wife/parent/child/master/mistress/servant from imminent danger of death or great bodily harm (prevent death or great bodily harm to another)/(stop/prevent the commission of a felony that involved the use/(threat of) physical force/violence against any person). Defense of another is a defense although the danger to the life or personal security of his/her husband/wife/parent/child/master/mistress/servant the other person may not have been real, if a reasonable person, in the circumstances and from the viewpoint of the defendant, would reasonably have believed that his/her husband/wife/parent/child/master/mistress/servant (the other person was in imminent danger of death or great bodily harm the use of deadly force was necessary to (prevent death or great bodily harm to another)/(stop/prevent the commission of a felony that involved the use/(threat of) physical force/violence against any person).

______________________________

Statutory Authority: 21 O.S. 1991 Supp. 2014, § 733(2).

Notes on Use



This instruction is appropriate where the defendant reasonably believed that use of deadly force was necessary to protect specific persons another person from imminent danger of death or great bodily harm or to prevent a felony involving physical force or violence against another person. If the defendant used reasonable force to prevent a crime in which personal injury to others than the specific persons listed in this instruction crime involving injury to another person which was imminent, the court should give OUJI-CR 8-3, infra. OUJI-CR 8-15, infra, should be used if the defendant reasonably believed that the victim might use physical force against an occupant of a dwelling and OUJI-CR 8-14, infra, should be used if the defendant reasonably believed that the victim was attempting to commit a felony in a dwelling where the defendant was lawfully present. 



Committee Comments



Prior to 2014, justifiable homicide in the defense of another was limited to the defense of persons specified in the statute, which were spouses, parents, children, masters, mistresses, and servants. The Court of Criminal Appeals refused to extend the justification beyond the statutory language. See Whitechurch v. State, 1983 OK CR 9, ¶ 11, 657 P.2d 654, 656 (statute did not cover a brother or sister); Cowles v. State, 1981 OK CR 132, ¶ 11, 636 P.2d 342, 345 (defendant's companion was not within the limited group of persons for whom fatal force in their defense was justifiable). Justifiable homicide was also previously limited to instances in which the other person was in imminent danger of death or great bodily harm. See Garrett v. State, 1978 OK CR 126, ¶ 11, 586 P.2d 754, 756 (justifiable homicide not warranted where defendant shot deceased and three others to prevent continued statutory rape of her foster daughter; the daughter was not in imminent danger and defendant had previous knowledge of the relationship) 

Section 733(2) was amended in 2014 to incorporate the language of 21 O.S 2011, § 1289.25(D) into the defense of justifiable homicide. The justifiable homicide provision in 21 O.S Supp. 2014, § 733(2) provides that homicide is justifiable when a person kills a victim while lawfully defending himself or herself or another person "when the person using force reasonably believes such force is necessary to prevent death or great bodily harm to himself or herself or another or to terminate or prevent the commission of a forcible felony." "A forcible felony" is defined broadly as "any felony which involves the use or threat of physical force or violence against any person."

Since section 733(2) also deals with self-defense, cases that have interpreted the language of the subsection in self-defense cases should be authoritative as to the meaning of the statutory language when defense of another is the defense urged. It must be emphasized that the existence of this defense, defense of another, is dependent upon whether that other would be permitted, under the circumstances, to defend himself. The general rule that an individual who intervenes to abort a difficulty among others stands in the place of the person whom he defends, and must accept all responsibilities and liabilities of the person whom he aids by his intervention, obtains under section 733. Therefore, whether the defendant's conduct is justifiable is dependent upon whether the person defended would be innocent or guilty had he exerted the same degree of force in the same manner in his own defense. Hendrick v. State, 63 Okl. Cr. 100, 73 P.2d 184, (1937); Hare v. State, 58 Okl. Cr. 420, 54 P.2d 670 (1936); Moore v. State, 25 Okl. Cr. 151, 219 P. 175 (1923).

Use of deadly force in defense of another is limited to instances in which the other person is in imminent danger of death or great bodily harm, even though the statutory language would seem to indicate that deadly force could be used to protect another from "a felony" - any felony. The language "a felony" is limited to those that involve imminent danger of death or great bodily harm to the other person. See Garrett v. State, 586 P.2d 754 (Okl. Cr. 1978) (justifiable homicide not warranted where defendant shot deceased and three others to prevent continued statutory rape of her foster daughter; the daughter was not in imminent danger and defendant had previous knowledge of the relationship); Mammano v. State, 333 P.2d 602 (Okl. Cr. 1958) (limiting "a felony" language to include only those felonies that involve imminent danger of death or great bodily harm for purposes of defense of self-defense).

Numerous cases have held that, when acting in defense of another, the danger need not be actual so long as the defendant reasonably believes the danger to exist and to be imminent. Moreover, these cases also hold that the circumstances are to be considered from the viewpoint of the defendant. E.g., Hendrick v. State, 63 Okl. Cr. 100, 73 P.2d 184 (1937); Litchfield v. State, 8 Okl. Cr. 164, 126 P. 707 (1912); Clemmons v. State, 8 Okl. Cr. 159, 126 P. 704 (1912).

The statutory language also limits the instances in which use of deadly force in defense of another is justifiable to specific, named persons. The Court of Criminal Appeals has refused to extend the justification beyond the statutory language. Cowles v. State, 636 P.2d 342, 345 (Okl. Cr. 1981) (defendant's companion was not within the limited group of persons for whom fatal force in their defense is justifiable); Haines v. State, 275 P.2d 347 (Okl. Cr. 1954) (homicide in defense of mistress/paramour not justifiable; mistress in statute means female counterpart of master); Chapman v. State, 84 Okl. Cr. 41, 178 P.2d 638 (1947) (alleged common law husband). But see Whitechurch v. State, 657 P.2d 654 (Okl. Cr. 1983) (construing 22 O.S.1991 § 33). In McDaniel v. State, 8 Okl. Cr. 209, 127 P. 358 (1912), however, the court approved instructions which extended justifiable use of deadly force in defense of another to defense of a brother. The instructions apparently were not challenged by the State, and, if error in the instructions did exist, the error was favorable to the defendant. Hence, the precise question of who can be defended by use of deadly force was not answered by the McDaniel case. See also Territory v. Gatliff, 2 Okl. 523, 37 P. 809 (1894). In light of the statutory language and its construction in Cowles, Haines, and Chapman, however, the Commission has decided to draft the instruction to permit the defense of another only in relation to the persons listed by the statute. (See also the instructions on self-defense, OUJI-CR 8-45 through OUJI-CR 8-56, and excusable homicide, OUJI-CR 8-27 through OUJI-CR 8-30.)



 

OUJI-CR 8-3

DEFENSE OF PERSON ANOTHER- JUSTIFIABLE USE

OF FORCE TO PREVENT OFFENSE

A person is justified in using reasonable force in aid or defense of another person who is about to be injured during the commission of a crime.

______________________________

Statutory Authority: 22 O.S. 1991 2011, § 33.

Notes on Use



This instruction is appropriate where the defendant used reasonable force to prevent a crime in which personal injury was imminent. In contrast to OUJI-CR 8-2, supra, the use of force is not restricted to the protection of specific persons from death or great bodily harm. OUJI-CR 8-14, infra, should be used instead of this instruction if the defendant reasonably believed that the victim was attempting to commit a felony in a dwelling where the defendant was lawfully present. OUJI-CR 8-15, infra, should be used if the defendant reasonably believed that the victim might use physical force against an occupant of a dwelling. 



Committee Comments



In Whitechurch v. State, 1983 OK CR 9, ¶¶ 14-15, 657 P.2d 654, 657 (Okl. Cr. 1983), the Oklahoma Court of Criminal Appeals required a jury instruction to be given that covered the defense in 22 O.S. 1991 2011, § 33. The Court noted that this defense complemented and to a certain extent overlapped the principles of self-defense and the defense of others.

 



OUJI-CR 8-34A

DEFENSE OF INSANITY - VERDICT FORM

IN THE DISTRICT COURT OF THE ____ JUDICIAL DISTRICT OF

THE STATE OF OKLAHOMA SITTING IN AND FOR ______ COUNTY

THE STATE OF OKLAHOMA,











)

)











Plaintiff,                                                                                        )











)











vs                                                                                                 )

                                                                                                    )           Case No. ______

JOHN DOE,                                                                                   )











)











Defendant.                                                                                    )

VERDICT

COUNT 1 -- [CRIME CHARGED]

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

Defendant is:

______ Guilty and fix punishment at ___________________.

______ Not guilty.

______ Not guilty by reason of insanity.



________________________

FOREPERSON



 

OUJI-CR 13-26

CIRCUMSTANTIAL EVIDENCE -

EXCLUDING REASONABLE THEORIES OF INNOCENCE

The State relies [in part] in its case upon circumstantial evidence. In order to warrant a verdict that [Name of Child] is a delinquent child upon circumstantial evidence, each fact necessary to prove every element of the alleged offense must be established by the evidence beyond a reasonable doubt. All the facts necessary to such proof must be consistent with each other and with the conclusion the State seeks to establish that [Name of Child] committed the alleged offense. All of the facts and circumstances, taken together, must be inconsistent with any reasonable theory or conclusion that [Name of Child] did not commit the alleged offense. All of the facts and circumstances, taken together, must establish to your satisfaction beyond a reasonable doubt that [Name of Child] committed the alleged offense.

Committee Comments



OUJI-CR 13-22 through 13-26 are based on OUJI-CR 9-1 through 9-5.



 






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.